IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

G.W. DELANEY and
PHYLLIS DELANEY                                                    PLAINTIFFS

         v.                    Civil No. 05-6045

GARY ASHCRAFT, Chief
of Police in his official and
individual capacity, et al                                         DEFENDANTS

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the undersigned for report and recommendation is the motion to dismiss the second amended complaint as to the separate Defendants, the Arkansas Democrat-Gazette, Inc. (hereinafter "the ADG") and the Sentinel-Record Newspaper (hereinafter "the Sentinel-Record") (Doc. #76). On December 7, 2005, the Plaintiffs filed a response to the motion (Doc. #103). On December 16, 2005, Defendants filed a reply brief (Doc. 115). The motion has been referred to the undersigned for report and recommendation by order entered on November 22, 2005 (Doc. #83).

## BACKGROUND

This case was filed on June 23, 2005. The Sentinel-Record was named as a defendant in the original complaint. Plaintiffs' second amended complaint[1] was filed on October 7, 2005. (Doc. #10). The ADG was added as a defendant in this amended complaint.

---

[1] The original complaint was filed on June 23, 2005. Along with the complaint, the Plaintiffs filed an application to proceed *in forma pauperis* (IFP) (Doc. #2). That same day, a report and recommendation was entered recommending denial of the application to proceed IFP (Doc. #4). The report was adopted on July 18, 2005 (Doc. #5), and the filing fee paid the same day. An amended complaint was filed on August 24, 2005 (Doc. #8), and the second amended complaint was filed on October 7, 2005 (Doc. #10). Plaintiffs refer to this complaint in various documents as a "third amended complaint," *see e.g.,* (Doc. # 12 & Doc. #15 motion and amended motion to extend time to serve third amended complaint). This language is also used in the court's order of October 17, 2005 (Doc. #16).

On October 14, 2005, Plaintiffs filed a motion for an extension of time to serve the amended complaint (Doc. #12). Plaintiffs asked for an extension of time of at least fifteen days to serve the amended complaint (Doc. #12). On October 17, 2005, the Plaintiffs filed a second motion for an extension of time to serve the amended complaint (Doc. #15). Plaintiffs again asked that their time to serve the amended complaint be extended by at least fifteen days (Doc. #15). By order entered on October 17, 2005, this court granted Plaintiffs' motions (Doc. #16). The Plaintiffs were given an extension of time until the close of business on Monday, October 31, 2005, in which to serve the amended complaint. (Doc. #16).

In the amended complaint, Plaintiffs allege, in paragraphs 214 through 223 that on May 30, 2002, the Sentinel-Record published a news story that contained "malicious false statements" about Plaintiffs and contained "old pictures" of Plaintiffs designed to make them "appear in newsprint to be criminals." (Doc. #10). Plaintiffs assert federal civil rights causes of action as well as state law claims including claims for libel and slander.

The Sentinel-Record is not listed as a defendant in the style of the amended complaint (Doc. #10) but is identified as a defendant in the body of the pleading. While the amended complaint identifies the ADG as a defendant in the style of the case, the only allegation against the ADG contained in the body of the complaint is the statement in paragraph 32 that the ADG is the "parent company" of the Sentinel-Record. (Doc. #10).

The ADG asserts that Plaintiffs mailed the ADG a summons and amended complaint but it was mailed well after November 1, 2005, and not served in accordance with Rule 4 of the Federal Rules of Civil Procedure. The Sentinel-Record states it was served with a summons addressed to the "Sentinel Record Newspaper" and a copy of the amended complaint on November 2, 2005.

## DISCUSSION

The ADG and the Sentinel-Record contend the complaint should be dismissed pursuant to Rule 12(b)(5) of the Federal Rules of Civil Procedure based on insufficiency of service of process. They argue the amended complaint was not served upon them within the time prescribed by law and by order of this court (Doc. #76).

They further argue the claims against them fail to state a claim upon which relief can be granted because the claims are barred by the statute of limitations. Fed. R. Civ. P. 12(b)(6). Specifically, assuming the allegations of the amended complaint are true, (¶ 214, Doc. #10), the article on which the defamation claim is based was published on May 30, 2002. As the cause of action accrued when the article was published, Defendants argue Plaintiffs would have had to file the defamation claim by May 30, 2005. Since the case was not filed until June 23, 2005, Defendants contend the defamation claim is barred.

Finally, the ADG argues it is not liable for the actions of the Sentinel Record. The ADG denies it is the parent company of the Sentinel Record; however, even if this is true, it argues a parent corporation is not liable for the action of its subsidiary merely because the parent holds the controlling interest or because the two companies are managed by the same officers. As the amended complaint fails to allege any facts that would allow the corporate structure to be disregarded, the ADG contends it is entitled to dismissal.

### *Insufficiency of Service of Process*

Service of summons and the complaint upon a named party must be accomplished in a manner and time permitted by Rule 4 of the Federal Rules of Civil Procedure. Rule 4(m) provides in pertinent part that "[i]f service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own

initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time." Fed. R. Civ. P. 4(m). The original complaint was filed on June 23, 2005. The Sentinel-Record was a named defendant in the original complaint. If no extensions of time were granted, Plaintiffs had until October 21, 2005, to serve the Sentinel Record. On October 17, 2005, the court granted Plaintiffs an extension of time until October 31, 2005, to serve the amended complaint. However, the order did not discuss a time limit for service on newly added defendants.

In this case, Plaintiffs served, or attempted to serve, the Sentinel-Record by certified mail. Rule 4(h) provides that summons and complaint can be served upon corporations and associations in the same manner as prescribed for individuals or "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(h). The subdivision that governs service on individuals, subdivision (e)(1), provides in pertinent part that "service upon an individual . . . may be effected . . . pursuant to the law of the state in which the district court is located." Fed. R. Civ. P. 4(e)(1).

Arkansas law permits the serving of the summons and complaint by mail, Ark. R. Civ. P. 4(d)(8)(A)(i). However, when service is made by mail service is not complete until the date on which the process was delivered. Ark. R. Civ. P. 4(i)("If service is made by mail ... service shall be deemed to have been made ... as of the date on which the process was accepted or refused").

The return of summons filed herein shows that the summons and amended complaint were received, by certified mail, by the Sentinel-Record on November 2, 2005 (Doc. #54). From the forgoing, it can be seen from the record that Plaintiffs did not serve the Sentinel-Record by

the deadline set by order of this court, October 31, 2005, for service. Accordingly, since Plaintiffs have not shown good cause for such failure, the claims against the Sentinel-Record are subject to dismissal based on Plaintiffs failure to timely serve it. F. R. Civ. P. 4(m); *Carman v. Treat*, 7 F.3d 1379, 1381 (8th Cir. 1993)(pro se status does not entitle party to disregard the Federal Rules of Civil Procedure); *Williams v. White*, 897 F.2d 942, 944 (8th Cir. 1990)(complaint not served within requisite time shall be dismissed without prejudice).

With respect to the ADG, however, it was not added as a defendant until October 7, 2005. Plaintiffs are entitled to an "additional 120 days to serve those defendants who were added by the second amended complaint." *Carmona v. Ross*, 376 F.3d 829, 830 (8th Cir. 2004)(citations omitted). For this reason, the claims against the ADG are not subject to dismissal because the ADG was not served with process prior to October 31, 2005.

However, Rule 4(d)(8)(A)(i) of the Arkansas Rules of Civil Procedure, having to do with service by mail, requires that the addressee be a natural person specified by name. *See e.g., Grand Slam Stores, LLC v. L&P Builders, Inc.,* ___S.W.3d ___, 2005 WL 2160157 (Ark. App. Sept. 7, 2005). Or, in the case of a corporation, the Rule provides that "service on the registered agent of a corporation or other organization may be made by certified mail with a return receipt requested." Ark. R. Civ. P. 4(d)(8)(A)(i).

In this case, the Plaintiffs mailed the summons and amended complaint to the ADG by certified mail on October 31, 2005 (Doc. # 71). The addressee is listed as the "Arkansas Democrat-Gazette, Inc." (Doc. #71). The ADG is not a natural person or the registered agent of the corporation.[2] There is no indication that the individual who signed for the certified mail is the registered agent of the corporation. Service has therefore not been effected on the ADG.

---

[2] Service on the Sentinel-Record is also defective for this reason.

*Failure to State a Claim*

Plaintiffs proceed pro se. The court should not dismiss a pro se complaint "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Holloway v. Lockhart*, 792 F.2d 760, 761-62 (8th Cir. 1986)(citations omitted). Nevertheless, in treating the factual allegations of the complaint as true pursuant to Rule 12(b)(6), the court "do[es] not ... blindly accept the legal conclusions drawn by the pleader from the facts." *Westcott v. City of Omaha*, 901 F.2d 1486, 1488 (8th Cir. 1990)(citations omitted).

Applying these standards, it is observed that Plaintiffs' complaint is 95 pages in length including 487 numbered paragraphs accompanied by 318 pages of exhibits. The complaint names 38 Defendants including the Movants, the ADG and the Sentinel-Record. (Doc. #10).

Plaintiffs, residents of Kentucky, allege, that they obtained an order of temporary custody of a child, Makayla, in September, 2001, in Bowling Green, Kentucky. Subsequently, Plaintiffs allowed the child to be taken to Garland County, Arkansas, by Phyllis Delaney's sister, Diane Browning.

A custody battle then erupted between Plaintiffs and Diane Browning when the child was not returned. During this dispute the Plaintiffs attempted to enlist the assistance of local municipal and county law enforcement officers in regaining physical custody of the child but the officers refused to assist and, in fact, hindered Plaintiffs' efforts.

According to the complaint, during this time, an involuntary commitment proceeding was instituted by Defendant Diane Browning, in Garland County, against the Plaintiff, Phyllis Delaney. Plaintiffs allege that a hearing was conducted on February 15, 2002, after which an order of immediate detention was entered by the Circuit Court of Garland County, Arkansas,

Probate Division. Pursuant to the order, Garland County Sheriff's Deputies took Plaintiff Phyllis Delaney into custody and transported her to the National Park Medical Center in Hot Springs, Arkansas for evaluation.

During this same period of time, Dianne Browning, instituted a custody proceeding in the Circuit Court of Garland County, Arkansas. According to the complaint, this proceeding resulted in a final order of custody being granted to Dianne Browning on February 27, 2002. Plaintiffs allege that the Arkansas custody proceeding was not in compliance with the Uniform Child Custody Jurisdiction Act and was in conflict with the Kentucky court order which vested custody of the child in Plaintiffs.

Plaintiffs further allege that they secured physical custody of the child by taking her from her day care center. Plaintiffs returned to Kentucky with the child. Plaintiffs assert that subsequently, Defendant Perkins, Browning and members of Browning's family caused false statements of fact to filed with the Kentucky court. Despite this act, according to Plaintiffs, on February 26, 2002, the Kentucky court entered a final order vesting custody of the child with Plaintiffs.

The amended complaint purports to assert claims under 42 U.S.C. §§ 1981, 1983, and 1985, against all defendants as well as a defamation claim against the Sentinel-Record. The Sentinel-Record is included as a defendant on the federal claims only to the extent Plaintiffs allege generally that all defendants were involved in a conspiracy to deprive them of their rights. The ADG is named only because it is alleged to be the parent company of the Sentinel-Record.

First, we do not believe valid claims are stated against the Movants under §§ 1981, 1983, or 1985. Section 1981 "provides that all persons shall have the same right to 'make and enforce contracts' and the right to 'the enjoyment of all benefits, privileges, terms, and conditions of the

contractual relationship.'" *Bediako v. Stein Mart, Inc.*, 354 F.3d 835, 839 (8th Cir. 2004)(quoting 42 U.S.C. § 1981(a)-(b)). Although Plaintiffs make conclusory actions of an alleged conspiracy between all named defendants, it appears the only action taken by the Sentinel-Record and the ADG is that an article was published regarding the Plaintiffs' taking of the child from the day care facility. Movants did nothing that could be construed as an interference with a contractual relationship.

Section 1983[3] provides a federal cause of action for the deprivation, under color of law, of a citizen's "rights, privileges, or immunities secured by the Constitution and laws" of the United States. "[D]efamation, per se, is not actionable under section 1983." *Underwood v. Pritchard*, 638 F.2d 60, 62 (8th Cir. 1981). *See also Wade v. Goodwin*, 843 F.2d 1150, 1152 (8th Cir. 1988)(A cause of action for damage to character or reputation is not cognizable under § 1983). The Supreme Court has held that a person's interest in her reputation is not considered liberty or property protected by the due process clause. *Paul v. Davis*, 424 U.S. 693, 96 S. Ct. 1155, 47 L. Ed. 2d 405 (1976). Thus, "regardless of whom a plaintiff chooses to sue, section 1983 does not address an alleged injury to reputation." *Idema v. Wager*, 120 F. Supp. 2d 361, 371 (S.D.N.Y. 2000), *aff'd* 29 Fed. Appx. 676 (2d Cir. 2002).

A claim under 42 U.S.C. § 1985 is premised upon the existence of an alleged conspiracy which must be motivated by a class-based animus. *Bray v. Alexandria Women's Health Clinic*, 506 U.S. 263, 268-69 (1993). There is no allegation that the publication of the article at issue was motivated by a class-based animus.

Second, even if claims are stated against them, Defendants argue that all allegations

---

[3] Plaintiffs also mention violations of 42 U.S.C. § 1988. Section 1988 does not provide for a separate cause of action. *See e.g., Rose v. Kenyon College*, 211 F. Supp. 2d 931, 939 (S.D. Ohio 2002). Section 1988 merely provides for the application of common law in civil rights proceedings brought under other statutes and for attorneys' fees and experts' fees in civil rights cases. *Id.*

concerning them center around the publication of an article in the Sentinel-Record on May 30, 2002. As this case was not filed until June 23, 2005, Defendants contend all claims against them are barred by the applicable statutes of limitation.

Section 1981, § 1983, and § 1985 do not contain their own statute of limitations. For federal statutes enacted prior to December 1 of 1990, when the statute does not contain its own statute of limitations the "settled practice was to adopt a local time limitation as federal law if it [was] not inconsistent with federal law or policy to do so." *Wilson v. Garcia*, 471 U.S. 261, 266-67 (1985) (footnote omitted); *Reed v. United Transportation Union*, 488 U.S. 319 (1989). The major concern is to find the limitations period that best effectuates "the federal policies at stake and the practicalities of litigation...." *DelCostello v. International Brotherhood of Teamsters*, 462 U.S. 151, 172 (1983).

Federal statutes enacted after December 1, 1990, that do not contain their own statute of limitations, are covered by a catch all 4-year statute of limitations for actions arising under federal statutes, 28 U.S.C. § 1658. Section 1981, 1983, and 1985 were all enacted prior to 1990. However, in 1991 Congress enacted the Civil Rights Act of 1991, 105 Stat. 1071, which, among, other things, amended § 1981 by adding a new subsection that defines the term "make and enforce contracts" to include the "termination of contracts and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship." 42 U.S.C. § 1981(b). In *Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369 (2004), the Supreme Court held that causes of actions which were made possible by the 1991 amendment to section § 1981 are governed by the 4-year federal statute of limitations. *Id*. at 382. Specifically, it held that "hostile work environment, wrongful termination, and failure-to-transfer claims did not allege a violation of the pre-1990 version of § 1981 but did allege violations of the" 1991 amendment to the statute

and were governed by the 4-year statute of limitations. *Id.* at 383.

In this case, Plaintiffs allege their rights to enforce contracts and be parties to private litigation have been interfered with. This conduct, if actionable under § 1981, was actionable under the original version of § 1981 and was not made possible by the 1991 amendment. The 4-year statute of limitations found in § 1658 therefore does not apply.

Instead, causes of action under § 1981, § 1983, and § 1985 are governed by "the most appropriate or analogous state statute of limitations." *Goodman v. Lukens Steel Co.*, 482 U.S. 656, 660 (1987)(§ 1981 case). *See also Wilson v. Garcia*, 471 U.S. 261, 268 (1985)(§ 1983 case); *Bell v. Fowler*, 99 F.3d 262, 265-266 (8th Cir. 1996)(§ 1985 case). In Arkansas, this is the three year personal injury statute of limitations, Ark. Code Ann. 16-56-105(3) (2005). *See Miller v. Norris*, 247 F.3d 736, 739 (8th Cir. 2001)(Ark. Code Ann. § 16-56-105(3) is the statute of limitations applicable to § 1983 cases); *Kaster v. State of Iowa*, 975 F.2d 1381, 1382 (8th Cir. 1992)(personal injury state statute of limitations applies to § 1985 cases); *Wagh v. Dennis*, 677 F.2d 666, 667 (8th Cir. 1982)(applying personal injury statute of limitations to § 1981 claim).

Plaintiffs' civil rights causes of action accrued when they knew or had reason to know of harm constituting the basis of the action. *Nasim v. Warden, Maryland House of Corrections*, 64 F.3d 951, 955 (4th Cir. 1995). Accordingly, Plaintiffs had three years from May 30, 2002, the date of the publication of the article, to file claims under § 1981, § 1983, and § 1985.

This action was filed on June 23, 2005 (Doc. #1), well after the expiration of the applicable limitation periods. Plaintiffs maintain acts done in furtherance of the conspiracy prevented them from taking action to protect their rights. They therefor contend the statute of limitations did not run. They maintain the Sentinel-Record and the ADG remain liable unless they have abandoned the conspiracy and had informed those they conspired with of the

abandonment or had informed law enforcement of the conspiracy and of their participation.

We find these arguments unavailing. Plaintiffs make no argument they were unaware of the publication of the article. Their complaint is not saved by its naked assertion that the Defendants conspired to perpetuate or accomplish the actions of the other Defendants. A conspiracy claim requires allegations of specific facts showing a meeting of the minds among the alleged conspirators. *Snelling v. Westhoff*, 972 F.2d 199, 200-01 (8th Cir. 1992)(en banc). No such specific factual allegations are found in the complaint with respect to the Sentinel-Record or the ADG.

In Arkansas a three year statute of limitations applies to libel actions, Ark. Code Ann. § 16-56-105(5). The cause of action accrues when the wrong occurs and the right to commence the action comes into existence. *Courtney v. First Nat'l Bank*, 300 Ark. 498, 780 S.W.2d 536 (1989); *Gibson v. Herring*, 63 Ark. App. 155, 975 S.W.2d 860 (1998). Plaintiffs' libel claim also accrued on May 30, 2002. As this action was not filed until June 23, 2005, Plaintiffs' claim is barred by the applicable statutes of limitation.

## CONCLUSION

Based upon the forgoing, we recommend that the motion to dismiss of the Arkansas Democrat-Gazette, Inc. and the Sentinel-Record Newspaper (Doc. #76) be granted and the complaint be dismissed as against them for the following reasons: (1) Plaintiffs failed to effect service of process on the Sentinel-Record in a timely manner; (2) Plaintiffs failed to effect service of process on the Arkansas Democrat-Gazette, Inc., in the manner prescribed by the applicable procedural rules; and (3) the statutes of limitation bar the claims. Although a dismissal for insufficiency of service of process is ordinarily without prejudice, since the claims against the Sentinel-Record and the ADG are also barred by the applicable statutes of limitation,

the claims should be dismissed with prejudice.

**The parties have ten days from receipt of this report and recommendations to file objections to the same pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 13th day of January 2006.

/s/ Bobby E. Shepherd<br>
UNITED STATES MAGISTRATE JUDGE