IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

G.W. DELANEY and
PHYLLIS DELANEY                                                                         PLAINTIFFS

      v.                  Civil No. 05-6045

GARY ASHCRAFT, Chief
of Police in his official and
individual capacity, et al                                                                DEFENDANTS

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the undersigned for report and recommendation is the motion to dismiss the complaint filed by separate Defendant, John Hall. (Doc. #34). The motion has been referred to the undersigned for report and recommendation by order entered on November 9, 2005. (Doc. #38). The Plaintiffs, G. W. Delaney and Phyllis Delaney, filed a response to the motion to dismiss on November 23, 2005. (Doc. #85). Hall filed a reply and alternate motion for summary judgment on December 6, 2005. (Doc. #102).

## APPLICABLE STANDARD and BACKGROUND

Hall brings this motion to dismiss pursuant to the provisions of Rules 12(b)(6) and Rule 12(c) of the Federal Rules of Civil Procedure. He contends the complaint fails to state a claim upon which relief can be granted.

"On a motion for judgment on the pleadings, a court applies the same standard as in a 12(b)(6) motion for failure to state a claim." *Glover v. Merck & Co., Inc.*, 345 F. Supp. 2d 994, 996 (D. Minn. 2004)(*citing St. Paul Ramsey County Medical Ctr. v. Pennington County, S.D.*, 857 F.2d 1185, 1187 (8th Cir. 1988)). In considering a motion to dismiss for failure to state a

claim, we must construe the complaint liberally in favor of the plaintiffs and accept the allegations of the complaint as true. *Hudson v. Norris*, 227 F.3d 1047, 1054 (8th Cir. 2000).

Plaintiffs proceed pro se. The court should not dismiss a pro se complaint "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Holloway v. Lockhart*, 792 F.2d 760, 761-62 (8th Cir. 1986)(citations omitted). Nevertheless, in treating the factual allegations of the complaint as true pursuant to Rule 12(b)(6), the court "do[es] not ... blindly accept the legal conclusions drawn by the pleader from the facts." *Westcott v. City of Omaha*, 901 F.2d 1486, 1488 (8th Cir. 1990)(citations omitted).

Both parties have submitted to the court for consideration matters outside the pleadings. *See* (Doc. #85–Plaintiffs' Response); (Doc. #102–Hall's Reply). When ruling on either a Rule 12(b)(6) motion or a Rule 12(c) motion, the court must generally ignore matters outside the pleadings. *Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999). If the court *considers* evidence outside the pleadings, it must normally convert the motion into a summary judgment motion pursuant to Rule 56 of the Federal Rules of Civil Procedure. *Mattes v. ABC Plastics, Inc.*, 323 F.3d 695, 698 (8th Cir. 2003).

However, the court may consider, without converting the motion to a summary judgment motion exhibits attached to the complaint, materials that are necessarily embraced by the complaint, and materials that are part of the public record. *See Mattes*, 323 F.3d at 698 (in deciding a motion to dismiss, the court may consider exhibits to the complaint and materials embraced by the complaint); *Kushner v. Beverly Enters., Inc.*, 317 F.3d 820, 831 (8th Cir. 2003)("When deciding a motion to dismiss, a court may consider the complaint and documents whose contents are alleged in a complaint and whose authenticity no party questions, but which

are not physically attached to the pleading.")(citations omitted); *Faibisch v. University of Minnesota*, 304 F.3d 797, 802 (8th Cir. 2002)("When deciding Rule 12(c) motions, however, courts may rely on matters within the public record."); *Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999)(court may consider "some materials that are part of the public record or do not contradict the complaint, as well as materials that are necessarily embraced by the pleadings")(internal quotations and citations omitted).

In connection with the pending motion to dismiss, the court will consider only the complaint and the exhibits to the complaint. It is therefor not necessary to convert the motion to dismiss into a summary judgment motion. *See e.g., Surgical Synergies, Inc. v. Genesee Associates, Inc.*, No. 05-1103, ___ F.3d ___, 2005 WL 3543638, *2 (8th Cir. Dec. 29, 2005)("Where the district court considers matters outside the pleadings, a motion for judgment on the pleadings 'shall be treated as one for summary judgment.' Fed. R. Civ. P. 12(c)."); *Berthold Types Ltd. v. Adobe Systems, Inc.*, 242 F.3d 772, 776 (7th Cir. 2001)("A motion to dismiss must be *treated* as a motion for summary judgment if the judge *considers* matters outside the complaint, but the judge may elect to treat a motion as what it purports to be and disregard the additional papers.").

It is observed that Plaintiffs' complaint is 95 pages in length including 487 numbered paragraphs accompanied by 318 pages of exhibits. The complaint names 38 Defendants including the Movant, Hall. (Doc. #10)

Plaintiffs, residents of Kentucky, allege that they obtained an order of temporary custody of a child, Makayla, in September, 2001, in Bowling Green, Kentucky. Subsequently, Plaintiffs allowed the child to be taken to Garland County, Arkansas, by Plaintiff Phyllis Delaney's sister, Diane Browning. A custody battle then erupted between Plaintiffs and Diane Browning when

the child was not returned. During this dispute, the Plaintiffs attempted to enlist the assistance of local municipal and county law enforcement officers in regaining physical custody of the child but the officers refused to assist and, in fact, hindered Plaintiffs' efforts.

During this time, Plaintiff Phyllis Delaney was the subject of involuntary commitment proceeding in Garland County initiated by Browning. Browning obtained an order of custody from the Garland County Circuit Court.

Plaintiffs further allege that they regained physical custody of the child by taking her from a day care center. Plaintiffs returned to Kentucky with the child where Plaintiffs obtained a final order of custody from a Kentucky court on February 26, 2002. Warrants for Plaintiffs' arrest for third degree battery, aggravated assault, and interference with custody were issued in Garland County which led to the arrest of the Plaintiffs in Kentucky. Later, separate Defendant Prosecutor Oliver notified Kentucky authorities that he was no longer seeking the return of the Plaintiffs to Arkansas.

Defendant Hall is an attorney. Plaintiffs allege that they retained Hall to represent them in Arkansas with respect to the Arkansas warrants. Plaintiffs allege that they paid attorney's fees to Hall but that he did nothing in their behalf. Further, Plaintiffs state that, although they learned that the Garland County warrants had been withdrawn, Hall, through his associate, Patrick Benca, asked Plaintiffs to return to Arkansas and turn themselves in. Although Plaintiffs did return to Arkansas and visited Hall's office, they did not turn themselves in to authorities.

## **DISCUSSION**

Plaintiffs' causes of action against Hall and the other Defendants are enumerated in what Plaintiffs refer to as thirteen separate "counts" beginning at ¶ 372 of the complaint. We consider Halls' motion to dismiss as it pertains to each cause of action.

First, Plaintiffs allege that all of the Defendants are liable to them as having denied them equal rights under the law under 42 U.S.C. § 1981. (Doc. #10; p. 68-70; ¶¶ 372-380). Section 1981 "provides that all persons shall have the same right to 'make and enforce contracts' and the right to 'the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.'" *Bediako v. Stein Mart, Inc.*, 354 F.3d 835, 839 (8th Cir. 2004)(quoting 42 U.S.C. § 1981(a)-(b)).

In asserting this claim, Plaintiffs purport to rely upon the Full-and-Equal Benefit clause of § 1981 rather than the Right-to-Contract clause. To establish a prima facie case of discrimination under § 1981, Plaintiffs must show that: (1) they are members of a protected class; (2) the defendants intended to discriminate on a constitutionally prohibited basis; and (3) that the discrimination interfered with a protected activity as defined in § 1981. *Bediako v. Stein Mart, Inc.*, 354 F.3d at 839. Further, a showing of state action is required. *Adams v. Boy Scouts of America-Chickasaw Council*, 271 F.3d 769, 777 (8th Cir. 2001)(citing *Youngblood v. Hy-Vee Food Stores, Inc.*, 266 F.3d 851, 855 (8th Cir. 2001)).

Although Plaintiffs allege that the "conduct of all Defendants amounts to a violation of" § 1981, the complaint contains no allegation that Defendant Hall interfered with Plaintiffs' participation in a "protected activity." Instead, at most, the complaint contains allegations that Plaintiffs paid Hall money to represent them with respect to criminal charges lodged in Garland County and that Hall did nothing to earn his fee. "Even though civil-rights pleadings are viewed liberally, '[s]uch pleadings must nonetheless not be conclusory and must set forth the claim in a manner which, taking the pleaded facts as true, states a claim as a matter of law.'" *Bediako*, 345 F.3d at 839 (*quoting Nickens v. White*, 536 F.2d 802, 803 (8th Cir. 1976)). Accordingly, Plaintiffs' § 1981 claim as against Defendant Hall should be dismissed.

Under count two, Plaintiffs also allude to alleged violations, by the Defendants, of 42 U.S.C. §§ 1985 & 1986.[1] The Plaintiffs' factual allegations do not support claims based upon these statutes. A claim under § 1985 is premised upon the existence of an alleged conspiracy which must be motivated by a class-based animus. *Bray v. Alexandria Women's Health Clinic*, 506 U.S. 263, 268-69 (1993). While Plaintiffs have alleged that they are members of an unidentified protected class, they do not allege that the alleged conspiracy was based upon a class-based animus. Finally, no claim exists under § 1986 as in order to be liable under § 1986 a defendant must have neglected or refused to prevent a § 1985 conspiracy. *See Steele v. City of Bemidji*, 257 F.3d 902, 906 (8th Cir. 2001)(*citing Brandon v. Lotter*, 157 F. 3d 537, 539 (8th Cir. 1998)); *see also Gatlin v. Green*, 362 F.3d 1089, 1095 (8th Cir. 2004)(a *§ 1986* claim must be predicated upon a valid *§ 1985* claim).

Next, in counts two, three, four, five and twelve of the complaint, Plaintiffs assert, pursuant to 42 U.S.C. § 1983, that they were unconstitutionally arrested, detained and denied a fair trial. (Doc. #10; p. 70-81, 91-92; ¶¶ 381-416, 467-70). Plaintiffs allege that all of the Defendants conspired to and, by specific actions did, deprive Plaintiffs of their liberty and the equal protection of the law with respect to: their arrest on February 15, 2002, by Garland County, Arkansas, deputies; with the involuntary commitment proceeding; their arrest in Warren County, Kentucky, on June 9, 2002, on Arkansas warrants; and their arrest on June 12, 2002, on contempt of court in Warren County, Kentucky. Plaintiffs allege that these arrests and resulting imprisonments were unlawful and were maliciously accomplished or resulted from the negligent failure of the defendants to prevent the same, with the intent to deny the Plaintiffs' a fair trial.

---

[1] Plaintiffs also mention violations of 42 U.S.C. § 1988. Section 1988 does not provide for a separate cause of action. *See e.g., Rose v. Kenyon College*, 211 F. Supp. 2d 931, 939 (S.D. Ohio 2002). Section 1988 merely provides for the application of common law in civil rights proceedings brought under other statutes and for attorneys' fees and experts' fees in civil rights cases. *Id.*

Again, Defendant Hall is not identified in any factual allegation contained in the complaint as participating in the actual arrests, as causing these arrests to take place, or failing to prevent the same. The elements of a § 1983 claim are: "(1) the defendants acted under color of state law, and (2) the alleged wrongful conduct deprived the plaintiff of a constitutionally protected federal right." *Kuha v. City of Minnetonka,* 365 F.3d 590, 596 (8th Cir.2003) (citation and quotations omitted). While Plaintiffs allege that certain Defendants: provided false statements, manipulated the summons process, authored and prepared false affidavits and gave false testimony in court, Plaintiffs' complaint contains no factual allegations indicating that Defendant Hall perpetrated any of these acts or, in fact, had anything to do with causing or effecting Plaintiffs' arrests or incarceration.

Moreover, private attorneys do not act under color of law and are not subject to suit under § 1983. *DuBose v. Kelly*, 187 F.3d 999 (8th Cir. 1999). Hall was not acting under color of state law while representing the Plaintiffs in connection with the criminal charges. *See e.g., Polk County v. Dodson*, 454 U.S. 312, 318, 102 S. Ct. 445, 70 L. Ed. 2d 509 (1981) (public defender does not act under color of state law when performing traditional functions as counsel); *DuBose*, 187 F.3d at 1002-1003 ("[C]onduct of counsel generally does not constitute action under color of law."); *Dunn v. Hackworth*, 628 F.2d 1111, 1112 (8th Cir. 1980)("The actions of privately retained counsel are not considered state action and therefore cannot form the basis of a § 1983 claim.").

This fact is not altered by Plaintiffs naked assertion that all the Defendants conspired to perpetrate or accomplish the complained of actions. A conspiracy claim requires allegations of specific facts showing a meeting of the minds among the alleged conspirators. *Snelling v. Westhoff*, 972 F.2d 199, 200-01 (8th Cir. 1992)(en banc). No such specific factual allegations

are found in the complaint with respect to Defendant Hall. The complaint, with respect to counts two through five should be dismissed as to Defendant Hall.

In counts six through eleven and count thirteen Plaintiffs assert state law claims of: malicious prosecution, defamation, intentional infliction of emotional distress, false arrest and imprisonment, assault, battery and abuse of process. (Doc. #10; pp. 82-91, 92-95; ¶¶ 417-66, 471-87).

Under Arkansas law, the elements of a cause of action for malicious prosecution are: "(1) a proceeding instituted or continued by the defendant against the plaintiff; (2) termination of the proceeding in favor of the plaintiff; (3) absence of probable cause for the proceeding; (4) malice on the part of the defendant; and (5) damages." *Sundeen v. Kroger*, 355 Ark. 138, 143 (2003).

The elements of a cause of action for defamation, whether by slander or libel are: "(1) the defamatory nature of the statement of fact; (2) that statement's identification of or reference to the plaintiff; (3) publication of the statement by the defendant; (4) the defendant's fault in the publication; (5) the statement's falsity; and (6) damage." *Northport Health Services, Inc. v. Owens*, 356 Ark. 630, 641 (2004).

The elements of a cause of action for the intentional infliction of emotional distress are: "(1) the actor intended to inflict emotional distress or willfully and wantonly knew or should have known that emotional distress was the likely result of his conduct; (2) the conduct was extreme and outrageous, was beyond all possible bounds of decency, and was utterly intolerable in a civilized community; (3) the actions of the defendant were the cause of the plaintiff's distress; and (4) the emotional distress sustained by the plaintiff was so severe that no reasonable person could be expected to endure it." *Wynn v. Remet*, 321 Ark. 227, 232-33 (1995); AMI Civil 3rd, 404 (1989).

With respect to the claim of false arrest or imprisonment, the complaint must allege: the violation of their personal liberty, consisting of detention without sufficient legal authority. *Limited Stores, Inc. v. Wilson-Robinson*, 317 Ark. 80, 83 (1994). "Any express or implied threat of force whereby one is deprived of his liberty or compelled to go where one does not wish to go is an imprisonment." *Id.*

The elements of a cause of action for assault are: "First, that [the defendant] acted in such a manner as to create a reasonable apprehension of immediate harmful or offensive contact upon the person of [the plaintiff]; Second, that [the defendant] intended to cause that apprehension; and Third, that [the plaintiff] was actually put in that apprehension." AMI Civil 2005, 417. The elements of a cause of action for battery are: "First, that [the defendant] acted with intent to cause some harmful or offensive contact with a person, or acted with the intent to create an apprehension of some harmful or offensive contact with a person; and Second, that harmful or offensive contact with [the plaintiff] resulted." AMI Civil 2005, 418.

Finally, the elements of a cause of action for abuse of process are: "First, that [the plaintiff] has sustained damages; Second, that [the defendant] set in motion a legal proceeding directed at [the plaintiff]; Third, that the proceeding was used to accomplish an ulterior purpose for which it was not designed; Fourth, that [the defendant] willfully used process in a manner not proper in the regular conduct of the proceeding; [and] Fifth, that [the defendant's] acts were a proximate cause of [the plaintiff's] damages." AMI Civil 2005, 416; *Routh Wrecker Service, Inc. v. Washington*, 335 Ark. 232, 238 (1998).

A careful review of Plaintiffs' complaint reveals that it contains no factual allegations that Defendant Hall committed directly or indirectly any of these torts. At most, Plaintiffs allege that Hall did not earn the fee which he was paid and that he and his staff did not provide accurate

AO72A
(Rev. 8/82)

information to the Plaintiffs as to the status of the Garland County criminal matter. These "counts" of the complaint are therefor subject to summary dismissal.

## CONCLUSION

Accordingly, we recommend that the motion to dismiss of the separate Defendant John Hall (Doc. #34) be granted and the complaint be dismissed as against this separate Defendant. We further recommend that Hall's alternative motion for summary judgment be denied as moot (Doc. #102).

**The parties have ten days from receipt of this report and recommendations to file objections to the same pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 13th day of January 2006.

/s/ Bobby E. Shepherd
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)