IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

G.W. DELANEY and
PHYLLIS DELANEY                                                              PLAINTIFFS

        v.                    Civil No. 05-6045

GARY ASHCRAFT, Chief
of Police in his official and
individual capacity, et al                                                    DEFENDANTS

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the undersigned for report and recommendation is the motion to dismiss the second amended complaint (hereinafter "complaint") filed by separate Defendants, Michael Burton and Claudia Burton. (Doc. #90). The motion has been referred to the undersigned for report and recommendation by order entered on November 29, 2005. (Doc. #96). The Plaintiffs, G. W. Delaney and Phyllis Delaney, filed a response to the motion to dismiss on December 2, 2005. (Doc. #99).

## BACKGROUND

The complaint is 95 pages in length including 487 numbered paragraphs. Attached to the complaint are 318 pages of exhibits. The complaint names 38 Defendants including Movants. (Doc. #10).

Plaintiffs, residents of Kentucky, allege that they obtained an order of temporary custody of a minor child, Makayla, in September, 2001, in Bowling Green, Kentucky. Plaintiffs originally believed that the child was the offspring of their son. Plaintiffs learned through paternity testing that the father of the child was David Burton, also of Bowling Green, Kentucky.

Subsequently, Plaintiffs allowed the child to be taken to Garland County, Arkansas by Phyllis Delaney's sister, Diane Browning. A custody battle then erupted, in Garland County, Arkansas,

between Plaintiffs and Diane Browning when the child was not returned. During this dispute the Plaintiffs attempted to enlist the assistance of local municipal and county law enforcement officers in regaining physical custody of the child but the officers refused to assist and, in fact, hindered Plaintiffs' efforts.

During this time, Plaintiff Phyllis Delaney was the subject of an involuntary commitment proceeding in Garland County initiated by Diane Browning. Browning obtained an order of custody from the Garland County Circuit Court.

Plaintiffs further allege that they regained physical custody of the child by taking her from a day care center. Plaintiffs returned to Kentucky with the child where Plaintiffs obtained a final order of custody from a Kentucky court on February 26, 2002. According to the complaint, warrants for the arrest of Plaintiffs for third degree battery, aggravated assault and interfering with custody were issued in Garland County leading to Plaintiffs' arrest in Kentucky. Later, Defendant Oliver notified Kentucky authorities that he was no longer seeking the return of Plaintiffs to Arkansas.

Plaintiffs allege that Movants, Michael Burton and Claudia Burton, are now, and were at all times relevant, residents of Bowling Green, Kentucky (¶¶ 39-40) and are the parents of David Burton. David Burton faced proceedings in a Kentucky court for nonpayment of child support for Makayla, and Plaintiffs caused assault charges to be brought against David Burton in the Kentucky court.

In ¶ 241 of the complaint, Plaintiffs allege that David Burton was arrested for nonpayment of child support and for failure to appear on the assault charges and was held in custody. In ¶ 243 it is alleged that Movant, Michael Burton, appeared in court charged with assault in the fourth degree and was placed on pre-trial diversion.

In ¶¶ 245-50 Plaintiffs allege that David Burton was brought to court, in Kentucky, and the extradition warrants against Plaintiffs were discussed. David Burton accused Plaintiffs of lying to the court. David Burton was taken into custody for unpaid child support and for failure to appear. Prosecution of the assault charges brought by Plaintiffs against David Burton were delayed by David Burton, Movant Michael Burton, Assistant County Attorney Timothy Chism, and Phil Kimbel, the attorney for David and Michael Burton. Plaintiffs allege that David and Michael Burton had been in contact with Defendant Diane Browning, that Michael Burton's Kentucky attorney "talked to Arkansas" about the extradition warrants and David Burton, or his attorney, received documents from Arkansas "to help with getting" Plaintiffs "incarcerated the second time and held in jail until Arkansas could extradite [them]." (¶ 252).

Plaintiffs allege that David and Michael Burton lied in court in Kentucky and that a Kentucky judge, the Warren County Kentucky District Court, the Assistant Kentucky County Attorney, Movants Michael and Claudia Burton, David Burton, Attorney Kimbel and court personnel, communicated "with Arkansas," and "in concert with Arkansas," worked to "subvert the judicial process" and to arrest Plaintiffs on "bogus charges" until they could be extradited back to Arkansas. (¶¶ 253-55).

Finally, Plaintiffs allege that they were scheduled for a contempt hearing, in Kentucky, on June 12, 2002. An "ex parte hearing" was held at which "the Burtons" gave testimony. (¶ 256).

Plaintiffs' causes of action against Movants and the other Defendants are enumerated in what Plaintiffs refer to as thirteen separate "counts" beginning at ¶ 372 of the complaint and consist of federal civil rights and state law causes of action. In asserting a cause of action pursuant to 42 U.S.C. § 1983 with respect to their arrest, Plaintiffs allege that Michael Burton gave false testimony on June

3

12, 2002,with the motive of having Plaintiffs imprisoned until they could be extradited to Arkansas. (¶ 395).

Plaintiffs allege categorically that all of the Defendants are liable under each cause of action. In ¶ 419, Plaintiffs purport to assert a cause of action for malicious prosecution alleging that Michael Burton "played an active part in the initiation and continuation of criminal and civil proceedings," against Plaintiffs.

## DISCUSSION

Movants bring this motion to dismiss pursuant to Rule 12(b)(2),(3),(4),(5) and (6) of the Federal Rules of Civil Procedure alleging that this court lacks personal jurisdiction over them, venue is improper, insufficiency of service, and that the complaint fails to state a claim upon which relief may be granted. (Doc. #79). We find that this court lacks in personam jurisdiction over Movants. Accordingly, the complaint should be dismissed as to them.

"To defeat a motion to dismiss for lack of personal jurisdiction, the nonmoving party need only make a prima facie showing of jurisdiction." *Epps v. Stewart Information Services Corp.*, 327 F.3d 642, 647 (8th Cir. 2003). The nonmoving party "may do so by affidavits, exhibits, or other evidence." *Romak, USA, Inc. v. Rich*, 384 F.3d 979, 983 (8th Cir. 2004).

Although Plaintiffs' response to the motion is not accompanied by affidavits, we note that the complaint is verified. "A party seeking to establish the court's in personam jurisdiction carries the burden of proof, and the burden does not shift to the party challenging jurisdiction." *Epps*, 327 F.3d at 647.

As noted above, Plaintiffs have asserted both § 1983 claims and a state law malicious prosecution claim against the Movants. Section 1983 does not provide for nationwide service of

4

process. When subject matter jurisdiction is based on a question of federal law and the federal statute does not provide for national service of process, courts must look to the forum state's long-arm statute to determine if the defendants are amendable to service of process, a prerequisite of personal jurisdiction. *Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co.,* 484 U.S. 97, 108 (1987). In such cases, the same analysis applies to determining whether this court has personal jurisdiction over the Defendants whether the cause of action asserted is based on federal or state law. *Webber v. Michela*, 633 F.2d 518 (8th Cir. 1980)(same minimum contact analysis applies to claims brought under federal civil rights statutes and state law).

Jurisdiction may be exercised over a nonresident defendant "'only to the extent permitted by the long-arm statute of the forum state and by the Due Process Clause.'" *Romak USA, Inc., v. Rich*, 384 F.3d 979, 984 (8th Cir. 2004)(quoting *Dever v. Hentzen Coatings, Inc.*, 380 F.l3d 1070, 1072 (8th Cir. 2004), *cert. denied*, ___ U.S. ___, 125 S. Ct. 1304, 161 L. Ed. 2d 108 (2005)). "Arkansas' long-arm statute extends jurisdiction over nonresidents to the maximum extent permitted by the Due Process Clause." *Epps v. Stewart Information Services, Corp.*, 327 F.3d 642, 647 (8th Cir. 2003); see Ark. Code Ann. § 16-4-101 (Repl. 1999). Thus, the single question is whether the exercise of personal jurisdiction is consistent with the due process clause. *See, Burlington Industries, Inc. v. Maples Industries, Inc.,* 97 F.3d 1100, 1102 (8th Cir. 1996); *Bell Paper Box, Inc. v. Trans Western Polymers, Inc.*, 53 F.3d 920, 921 (8th Cir. 1995).

"Due process requires sufficient 'minimum contacts' between the defendant and the forum state so that 'maintenance of the suit does not offend traditional notions of fair play and substantial justice.'" *Epps*, 327 F.3d at 647 (*quoting World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 291-92 (1980)). "[I]t is essential in each case that there be some act by which the defendant purposefully

avails itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws." *Hanson v. Denckla*, 357 U.S. 235, 253 (1958). "Defendant's contacts must be more than 'random, fortuitous, or attenuated.'" *Epps*, 327 F.3d at 648 (*quoting Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985)). "[T]he defendant's conduct and connection with the forum State [must be] such that he should reasonably anticipate being haled into court there." *World-Wide Volkswagen,* 444 U.S. at 297.

"Minimum contacts must exist either at the time the cause of action arose, the time the suit is filed, or within a reasonable time immediately prior to the filing of the lawsuit." *Pecoraro v. Sky Ranch for Boys, Inc.*, 340 F.3d 558, 562 (8th Cir. 2003)(citation omitted). The Eighth Circuit has set forth five criteria to be considered in determining whether a defendant has minimum contacts with the forum state. *Burlington Industries, Inc. v. Maples Industries, Inc.*, 97 F.3d 1100, 1102 (8th Cir. 1996)(*citing Land-O-Nod Co. v. Bassett Furniture Indus., Inc.,* 708 F.2d 1338, 1340 (8th Cir. 1983)). These factors are: (1) the nature and quality of contacts with the forum state; (2) the quantity of such contacts; (3) the relation of the cause of action to the contacts; (4) the interest of the forum state in providing a forum for its residents; and (5) the convenience of the parties. *Id.* The first three of these factors are of "primary importance" in determining "the sufficiency of defendant's contacts." *Id. See also Dever v. Hentzen Coatings, Inc.,* 380 F.3d 1070, 1073-74 (8th Cir. 2004) (reiterating same five factors and instructing courts to consider them), *cert. denied,* ___ U.S. ___, 125 S. Ct. 1304, 161 L. Ed. 2d 108 (2005).

The Eighth Circuit has also "elaborated on the third factor–the relationship of the cause of action to the contacts–to distinguish between specific and general jurisdiction." *Burlington Industries*, 97 F.3d at 1102 (citations omitted). "Specific jurisdiction refers to jurisdiction over causes of action

6

arising from or related to a defendant's actions within the forum state while general jurisdiction refers to the power of a state to adjudicate any cause of action involving a particular defendant, regardless of where the cause of action arose." *Id.* at 1103 (citations omitted).

The factors must not be applied mechanically; they are not a "slide rule by which fundamental fairness can be ascertained with mathematical precision." *Austad Co. v. Pennie & Edmonds,* 823 F.2d 223, 226 (8th Cir.1987). Few answers to jurisdictional questions "will be written in black and white." *Burger King,* 471 U.S. at 486 n. 29 (internal quotation omitted).

When it is established that a defendant has purposefully established minimum contacts with the forum state, the court must then consider the contacts "in light of other factors to determine whether the assertion of personal jurisdiction would comport with 'fair play and substantial justice.'" *Burger King*, 471 U.S. at 476 (*quoting International Shoe Co. v. Washington*, 326 U.S. 310, 320 (1945)); *see also Dakota Indus. v. Dakota Sportswear, Inc.,* 946 F.2d 1384, 1389-90 (8th Cir. 1991) (applying same two-step analysis). In this analysis, the court may evaluate "the burden on the defendant," "the forum State's interest in adjudicating the dispute," "the plaintiff's interest in obtaining convenient and effective relief," "the interstate judicial system's interest in obtaining the most efficient resolution of controversies" and "the shared interest of the several States in furthering fundamental substantive social policies." *Burger King,* 471 U.S. at 477 (*quoting World-Wide Volkswagen,* 444 U.S. at 292).

Applying these principles, we find that Movants' contacts with this state, as alleged in the complaint, were, at most "random, fortuitous, or attenuated." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985). Plaintiffs do not allege that Movants ever visited Arkansas. The only contacts by the Movants with Arkansas, alleged, are certain telephone communications between

Movants and their attorney, or their son's attorney, and "Arkansas" with respect to the Arkansas prosecution of Plaintiffs and their receipt of documents with respect to that proceeding. Further, at the time that Movants allegedly committed the acts complained of by Plaintiffs, Plaintiffs, who are Kentucky residents, were also physically present in Kentucky. Finally, Plaintiffs' allegations against Movants center upon the claim that Movants participated in actions, in Kentucky, which resulted in the initiating and continuing criminal and civil proceedings against Plaintiffs in *Kentucky*. We do not believe that such contacts would cause Movants to "reasonably anticipate being haled into court" in Arkansas. *World-Wide Volkswagen,* 444 U.S. at 297.

Such circumstances can not support a finding of specific personal jurisdiction. *First National Bank of Lewisville, Arkansas v. Firsts National Bank of Clinton, Kentucky*, 258 F.3d 727, 729 (8th Cir. 2001)(no personal jurisdiction over out of state bank where its only contacts with Arkansas were issuing a cashier's check jointly payable to two Arkansas residents and telephone communication with Plaintiff, an Arkansas bank, concerning proper endorsement or the check). Application of the jurisdictional factors set forth by the Supreme Court reinforces the conclusion that personal jurisdiction over Movants is lacking. Movants' contacts with this state, according to the complaint, were few and scant, of poor quality, and had little relation to the thirteen causes of action asserted in the complaint; any interest of this state in providing a forum for its residents is not met because the Plaintiffs and Movants are not residents of this state; and, this district will be an inconvenient forum for all of these Kentucky residents.

Plaintiffs' complaint is not saved by its containing the general and naked assertions that Movants conspired with others to perpetrate or accomplish certain wrongful acts. A conspiracy claim requires allegations of specific facts showing a meeting of the minds among the alleged

8

conspirators. *Snelling v. Westhoff*, 972 F.2d 199, 200-01 (8th Cir. 1992)(en banc). No such specific factual allegations are found in the complaint with respect to Movants.

Further, general personal jurisdiction over Movants does not exist because Movants had no "continuous and systematic contacts" with Arkansas unrelated to the facts of this case. *Dever v. Hentzen Coatings, Inc.*, 380 F.3d 1070, 1073 (8th Cir. 2004); *see also Epps v. Stewart Information Services, Corp.*, 327 F.3d at 648 (general personal jurisdiction exists when "the exercise of jurisdiction does not depend on the relationship between the cause of action and the defendant's contacts with the forum state.").

## CONCLUSION

We conclude, therefor, that this court lacks in personam jurisdiction over Movants, Micheal and Claudia Burton, and recommend that the second amended complaint be dismissed without prejudice to Plaintiffs filing the complaint in a jurisdiction which possesses personal jurisdiction over the Movants.

**The parties have ten days from receipt of this report and recommendations to file objections to the same pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 20th day of January 2006.

/s/ Bobby E. Shepherd
UNITED STATES MAGISTRATE JUDGE