IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

G.W. DELANEY and
PHYLLIS DELANEY                                                          PLAINTIFFS

v.                                    Civil No. 05-6045

GARY ASHCRAFT, Chief
of Police in his official and
individual capacity, et al                                               DEFENDANTS

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the undersigned for report and recommendation is the motion to dismiss the second amended complaint filed by separate Defendant, Steve Oliver. (Doc. #35). The motion has been referred to the undersigned for report and recommendation by order entered on November 9, 2005. (Doc. #37) The Plaintiffs, G. W. Delaney and Phyllis Delaney filed a response to the motion to dismiss on November 28, 2005. (Doc. #88).

## BACKGROUND

The complaint is 95 pages in length including 487 numbered paragraphs accompanied by 318 pages of exhibits. The complaint names 38 Defendants including the Movant, Garland County Prosecuting Attorney Steve Oliver. (Doc. #10).

Plaintiffs, residents of Kentucky, allege that they obtained an order of temporary custody of a child, Maykala, in September, 2001, in Bowling Green, Kentucky. Plaintiffs originally believed that the child was the offspring of their son. Plaintiffs learned through paternity testing that the father of the child was David Burton, also of Bowling Green, Kentucky.

Subsequently, Plaintiffs allowed the child to be taken to Garland County, Arkansas, by Phyllis Delaney's sister, Diane Browning. A custody battle then erupted in Garland County between

Plaintiffs and Diane Browning when the child was not returned. During this dispute, the Plaintiffs attempted to enlist the assistance of local municipal and county law enforcement officers in regaining physical custody of the child but the officers refused to assist and, in fact, hindered Plaintiffs' efforts.

During this time, Plaintiff Phyllis Delaney was the subject of an involuntary commitment proceeding in Garland County initiated by Diane Browning. Browning obtained an order of custody from the Garland County Circuit Court.

Plaintiffs further allege that they regained physical custody of the child by taking her from a day care center. Plaintiffs returned to Kentucky with the child where Plaintiffs obtained a final order of custody from a Kentucky court on February 26, 2002. According to the complaint, warrants for the arrest of Plaintiffs for third degree battery, aggravated assault, and interfering with custody were issued in Garland County leading to Plaintiffs' arrest in Kentucky.

Later, it is alleged that Defendant Oliver notified Kentucky authorities that he was no longer seeking the return of Plaintiffs to Arkansas. Plaintiffs allege that Oliver, as Prosecutor, made the decision not to extradite Plaintiffs, but he left outstanding the warrants for the arrest of Plaintiffs.

## DISCUSSION

Oliver brings this motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure of Plaintiffs' complaint to "state a claim upon which relief can be granted." In considering a motion to dismiss for failure to state a claim, we must construe the complaint liberally in favor of the plaintiffs and accept the allegations of the complaint as true. *Hudson v. Norris*, 227 F.3d 1047, 1054 (8th Cir. 2000).

Plaintiffs proceed pro se. The court should not dismiss a pro se complaint "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle

him to relief." *Holloway v. Lockhart*, 792 F.2d 760, 761-62 (8th Cir. 1986)(citations omitted). Nevertheless, in treating the factual allegations of the complaint as true pursuant to Rule 12(b)(6), the court "do[es] not ... blindly accept the legal conclusions drawn by the pleader from the facts." *Westcott v. City of Omaha*, 901 F.2d 1486, 1488 (8th Cir. 1990)(citations omitted).

Construing the complaint liberally, Plaintiffs assert that Defendant Prosecutor Oliver wrongfully and maliciously caused warrants for their arrest to be issued, and wrongfully decided not to seek the return of Plaintiffs to Arkansas while leaving the warrants outstanding. Although the Plaintiffs broadly assert that all of the 38 Defendants named in the complaint are liable under all of the legal theories asserted, the only theories that conceivably implicate Defendant Oliver are the Plaintiffs' claims under 42 U.S.C. § § 1981, 1983, 1985 and 1986[1] for the denial or abrogation of federal constitutional rights and the state law causes of action for malicious prosecution, the intentional infliction of emotional distress, false arrest and imprisonment.

In seeking dismissal of the complaint, Defendant Oliver asserts, *inter alia*, that he, as prosecutor, is absolutely immune from suit. We agree.

The United States Supreme Court, in *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976), established the absolute immunity of a prosecutor from a civil suit for damages under 42 U.S.C. § 1983 "in initiating a prosecution and in presenting the State's case." *Id.*, 424 U.S. at 427. This immunity extends to all acts that are "intimately associated with the judicial phase of the criminal process." *Id.*, 424 U.S. at 430. *See also Buckley v. Fitzsimmons*, 509 U.S. 259 (1993)(Prosecutor acting as an advocate for the state in a criminal prosecution is entitled to absolute immunity while

---

[1]Plaintiffs also purport to assert a cause of action under 42 U.S.C. § 1988. However, section 1988 does not provide for a separate cause of action. *See e.g., Rose v. Kenyon College*, 211 F. Supp. 2d 931, 939 (S.D. Ohio 2002). Section 1988 merely provides for the application of common law in civil rights proceedings brought under other statutes and for attorneys' fees and experts' fees in civil rights cases. *Id.*

a prosecutor acting in an investigatory or administrative capacity is only entitled to qualified immunity); *Anderson v. Larson*, 327 F.3d 762, 770 (8th Cir. 2003)("Prosecutors are protected by absolute immunity from civil liability under § 1983 for prosecutorial functions such as the initiation and pursuit of criminal prosecution, the presentation of the state's case at trial, and other conduct that is intimately associated with the judicial process.").

This same rule extends to claims brought under § 1981, § 1985 and § 1986. *See e.g., Snelling v. Westoff*, 972 F.2d 199 (8th Cir. 1992)(applying absolute immunity to conspiracy claims brought against prosecutor under § 1985 and § 1986); *Hancock v. Washtenaw County Prosecutor's Office,* 548 F. Supp. 1255 (D. Mich. 1982)(applying absolute immunity to case brought against a prosecutor under § 1981). Additionally, the Arkansas Supreme Court has adopted this same rule in determining whether absolute immunity applies to state prosecutors when *state law* causes of action are asserted. *Newton v. Etoch*, 332 Ark. 325, 335-39 (1998)(applying *Buckley* standard where claims of false imprisonment, malicious prosecution, abuse of process, outrage and slander were asserted against a deputy prosecuting attorney).

As found above, accepting the allegations of the complaint as true and liberally construing those allegations, Plaintiffs allege that Defendant Oliver, as prosecutor, maliciously and wrongfully caused a criminal prosecution to be commenced against Plaintiffs in Arkansas, caused extradition proceedings to be instituted after Plaintiffs returned to Kentucky, and then dropped the prosecution, yet left the warrants outstanding. The actions of Defendant Oliver, as described in Plaintiffs' complaint, fall under that category of prosecutorial functions which are "intimately associated with the judicial process." Such functions include the initiation and pursuit of a criminal prosecution and the decision whether to proceed with prosecution. *Kalina v. Fletcher*, 522 U.S. 118, 129

(1997)(prosecutors *preparation* of an affidavit summarizing the evidence supporting finding of probable cause, her decision that the evidence was sufficiently strong to justify a probable-cause finding, her decision to file charges, and her presentation of the information and motion to the court are part of an advocate's function as are protected by absolute immunity); *Anderson v. Larson*, 327 F.3d 762, 768-760 (8th Cir. 2003)(prosecutor entitled to absolute immunity for his involvement in cooperation agreement, the decision to drop charges against one individual and to initiate an investigation against another individual); *Brodnicki v. City of Omaha*, 75 F.3d 1261, 1268 (8th Cir. 1996)("The decisions relating to the initiation and dismissal of cases are at the very heart of a prosecutor's function as an advocate for the state, and absolute immunity thus attaches to those decisions."). *See also Newton v. Etoch*, 332 Ark. at 339(prosecutor absolutely immune from claims of malicious prosecution and abuse of process where conduct alleged falls within traditional prosecutorial functions and is intimately connected to his role as prosecutor).

Such absolute immunity applies notwithstanding Plaintiff's allegations that the Defendant Oliver knew that the charges were unfounded. *See Williams v. Hartje*, 827 F.2d 1203, 1209 (8th Cir. 1987)("The decision of a prosecutor to file criminal charges is within the set of core functions which is protected by absolute immunity. This is so even if the prosecutor makes that decision in a consciously malicious manner, or vindictively, or without adequate investigation, or in excess of his jurisdiction."); *Myers v. Morris*, 810 F.2d 1437, 1446 (8th Cir. 1987)(allegations that the prosecutor presented false testimony or withheld evidence do not defeat immunity). Absolute immunity also applies to a prosecutor's role in seeking extradition. *Dababnah v. Keller-Burnside*, 208 F.3d 467, 471-472 (4th Cir. 2000)(prosecutor absolutely immune for her role in seeking Dababnah's extradition); *Larsen v. Early*, 842 F. Supp. 1310, 1313 (D. Colo. 1994), *aff'd without op.*, No. 94-

1117 (10th Cir. Aug. 5, 1994)(prosecutor entitled to absolute immunity since extradition is intimately associated with the judicial phase of the criminal process); *Cleary v. Anderson*, 423 F. Supp. 745, 747-748 (D. Neb. 1976)("[I]t is apparent that the proper discharge of the prosecutor's duties in the criminal justice system requires that he be accorded unhampered discretion in deciding when to seek the extradition of an individual.").

## CONCLUSION

Accordingly, we recommend that the motion to dismiss of the separate Defendant Steve Oliver (Doc. #35) be granted and the complaint dismissed as against this separate Defendant.

**The parties have ten days from receipt of this report and recommendations to file objections to the same pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 20th day of January 2006.

/s/ Bobby E. Shepherd
UNITED STATES MAGISTRATE JUDGE