IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

G.W. DELANEY and
PHYLLIS DELANEY                                                    PLAINTIFFS

                    v.                   Civil No. 05-6045

GARY ASHCRAFT, Chief
of Police in his official and
individual capacity, et al                                          DEFENDANTS

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the undersigned for report and recommendation is the motion to dismiss the second amended complaint (hereinafter "complaint") filed by the separate Defendant, Sisters of Mercy Health Systems (hereinafter "Sisters of Mercy"). (Doc. #62). The motion has been referred to the undersigned for report and recommendation by order entered on November 22, 2005. (Doc. #83). The Plaintiffs, G. W. Delaney and Phyllis Delaney, filed a response to the motion to dismiss on November 30, 2005. (Doc. #97).

On December 7, 2005, the Sisters of Mercy filed a supplemental motion to dismiss (Doc. #104). On December 28, 2005, the Plaintiffs filed a motion asking for additional time to respond to the supplemental motion (Doc. #122). On January 3, 2006, an order was entered giving the Plaintiffs until the close of business on January 6, 2006, to respond to the supplemental motion (Doc. #128). Plaintiffs did not file a response in the time specified by the court. The supplemental motion was referred to the undersigned for report and recommendation by order entered on January 11, 2006 (Doc. 129).

## BACKGROUND

This case was filed on June 23, 2005. Plaintiffs' second amended complaint[1] was filed on October 7, 2005. (Doc. #10). The Sisters of Mercy was added as a Defendant in the second amended complaint. Plaintiffs allege that the Sisters of Mercy is the parent company of Saint Joseph's Mercy Health Center. (Doc. #10, ¶ 45).

On October 14, 2005, Plaintiffs filed a motion for an extension of time to serve the amended complaint (Doc. #12). Plaintiffs asked for an extension of time of at least fifteen days to serve the amended complaint (Doc. #12). On October 17, 2005, the Plaintiffs filed a second motion for an extension of time to serve the amended complaint (Doc. #15). Plaintiffs again asked that their time to serve the amended complaint be extended by at least fifteen days (Doc. #15). By order entered on October 17, 2005, this court granted Plaintiffs' motions (Doc. #16). The Plaintiffs were given an extension of time until the close of business on Monday, October 31, 2005, in which to serve the amended complaint. (Doc. #16).

Plaintiffs' second amended complaint is 95 pages in length including 487 numbered paragraphs accompanied by 318 pages of exhibits. The complaint names 38 defendants including the Sisters of Mercy. (Doc. #10).

Plaintiffs, residents of Kentucky, allege, that they obtained an order of temporary custody of a child, Makayla, in September, 2001, in Bowling Green, Kentucky. Subsequently, Plaintiffs allowed

---

[1] The original complaint was filed on June 23, 2005. Along with the complaint, the Plaintiffs filed an application to proceed *in forma pauperis* (IFP) (Doc. #2). That same day, a report and recommendation was entered recommending denial of the application to proceed IFP (Doc. #4). The report was adopted on July 18, 2005 (Doc. #5), and the filing fee paid the same day. An amended complaint was filed on August 24, 2005 (Doc. #8), and the second amended complaint was filed on October 7, 2005 (Doc. #10). Plaintiffs refer to this complaint in various documents as a "third amended complaint," *see e.g.,* (Doc. # 12 & Doc. #15 motion and amended motion to extend time to serve third amended complaint). This language is also used in the court's order of October 17, 2005 (Doc. #16). The pleading in question is in actuality not Plaintiffs' third amended complaint but their *second* amended complaint.

the child to be taken to Garland County, Arkansas, by Diane Browning, Plaintiff Phyllis Delaney's sister. A custody battle then erupted between Plaintiffs and Diane Browning when the child was not returned. During this dispute, the plaintiffs attempted to enlist the assistance of local municipal and county law enforcement officers in regaining physical custody of the child but the officers refused to assist and, in fact, hindered Plaintiffs' efforts.

During this time, Plaintiff was the subject of an involuntary commitment proceeding in Garland County initiated by Diane Browning. Browning obtained an order of custody from the Garland County Circuit Court.

Plaintiffs allege that during this time period Plaintiff Phyllis Delaney telephoned "Gail Klemm at St. Joseph's Hospital" where Diane Browning was employed and advised that she suspected that Browning had been "diverting narcotics." (Doc. #10, ¶ 98). Plaintiffs allege that "St. Joseph failed to act," so they sent a letter to the Arkansas Board of Nursing. (Doc. #10, ¶ 104). Plaintiffs allege that "Saint Joseph Mercy Center and the Arkansas Board of Nursing" should have investigated Plaintiffs' claims of narcotics theft and abuse by Browning and "whether their policies were being violated and the potential effect on others." (Doc. #10, ¶ 105).

Plaintiffs further allege that they regained physical custody of the child by taking her from a day care center. Plaintiffs returned to Kentucky with the child where Plaintiffs obtained a final order of custody from a Kentucky court on February 26, 2002. According to the complaint, separate Defendant Prosecutor Oliver caused criminal charges of custodial interference, aggravated assault and third degree battery to be filed against Plaintiffs in Garland County, Arkansas, and warrants for the arrest of Plaintiffs were forwarded to law enforcement officers in Kentucky which led to Plaintiffs'

3

arrests. Later, Defendant Oliver notified Kentucky authorities that he was no longer seeking the extradition of Plaintiffs.

## DISCUSSION

The Sisters of Mercy move to dismiss the amended complaint on three grounds. First, it contends it has not been properly or timely served with process. Second, it contends the complaint fails to state a claim upon which relief can be granted. Finally, it contends the applicable statutes of limitation bar all claims against it. We will address each argument in turn.

*Insufficiency of Process*

The Sisters of Mercy contend the complaint should be dismissed pursuant to Rule 12(b)(5) of the Federal Rules of Civil Procedure based on insufficiency of service of process. It first contends that service of the summons and complaint on a separate entity St. Joseph's Mercy Health Center did not effect service on it. Movant indicates St. Joseph's is a separate corporation from the Sisters of Mercy although it is a member of "defendant Sisters of Mercy Health System, St. Louis, Inc." The Sisters of Mercy contend St. Joseph's is not the registered agent for service of process for the Sisters of Mercy nor authorized to accept service on its behalf.

Next, it contends it received a summons and complaint by certified mail on November 3, 2005. (Doc. #104). It points out the certified mailing was addressed to the Sisters of Mercy Health Systems. It contends this service was ineffective because Arkansas law, which is incorporated by Federal Rules of Civil Procedure 4(e)(1) and 4(h), require that when service is made by certified mail that the addressee be a natural person specified by name or the registered agent of the corporation. It contends the certified mailing satisfied neither of these requirements.

4

Finally, the Sisters of Mercy argue that it was not timely served with the summons and complaint. It contends that Plaintiffs only had until October 31, 2005, to complete service of their second amended complaint.

The Sisters of Mercy was added as a defendant until October 7, 2005. Plaintiffs are entitled to an "additional 120 days to serve those defendants who were added by the second amended complaint." *Carmona v. Ross*, 376 F.3d 829, 830 (8th Cir. 2004)(citations omitted). For this reason, the claims against the Sisters of Mercy are not subject to dismissal because the Sisters of Mercy was not served with process prior to October 31, 2005.

Nevertheless, we believe service has not been properly effected on the Sisters of Mercy. Service of summons and the complaint upon a named party must be accomplished in a manner permitted by Rule 4 of the Federal Rules of Civil Procedure.

In this case, Plaintiffs served, or attempted to serve, the Sisters of Mercy by certified mail. Rule 4(h) provides that summons and complaint can be served upon corporations and associations in the same manner as prescribed for individuals or "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(h). The subdivision that governs service on individuals, subdivision (e)(1), provides in pertinent part that "service upon an individual . . . may be effected . . . pursuant to the law of the state in which the district court is located." Fed. R. Civ. P. 4(e)(1).

Arkansas law permits the serving of the summons and complaint by mail, Ark. R. Civ. P. 4(d)(8)(A)(i). Service by mail is not complete until the date on which the process was delivered. Ark.

5

R. Civ. P. 4(i)("If service is made by mail ... service shall be deemed to have been made ... as of the date on which the process was accepted or refused").

Additionally, Rule 4(d)(8)(A)(i) of the Arkansas Rules of Civil Procedure, requires that the addressee be a natural person specified by name. *See e.g., Grand Slam Stores, LLC v. L&P Builders, Inc.,* \_\_\_S.W.3d \_\_\_, 2005 WL 2160157 (Ark. App. Sept. 7, 2005). Or, in the case of a corporation, the Rule provides that "service on the registered agent of a corporation or other organization may be made by certified mail with a return receipt requested." Ark. R. Civ. P. 4(d)(8)(A)(i).

In this case, the Plaintiffs mailed the summons and amended complaint to the Sisters of Mercy by certified mail on October 31, 2005 (Doc. # 42). The addressee is listed as the "Sisters of Mercy Health Systems." (Doc. #42). The Sisters of Mercy is not a natural person or the registered agent of the corporation.[2] There is no indication that the individual who signed for the certified mail is the registered agent of the corporation. Service has therefore not been effected on the Sisters of Mercy.

***Failure to State a Claim***

The Sisters of Mercy next argue the complaint fails to state any claim against it upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Specifically, assuming the allegations under the heading "Browning's Access to Narcotic" are true, (Doc. #10, ¶¶98-104), Defendant argues Plaintiffs are not entitled to relief against the Sisters of Mercy.

In considering the Sisters of Mercy's motion to dismiss for failure to state a claim, we must construe the complaint liberally in favor of the Plaintiffs and accept the allegations of the complaint as true. *Hudson v. Norris*, 227 F.3d 1047, 1054 (8th Cir. 2000). Plaintiffs proceed pro se. The court

---

[2] According to the public records maintained by the Missouri Secretary of State, the registered agent for the Sisters of Mercy Health System is Bernard A. Duco, Jr., 14528 S. Outer Forty, Ste. 100, Chesterfield, MO 63017. *See* www.sos.mo.gov/BusinessEntity/soskb.

6

should not dismiss a pro se complaint "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Holloway v. Lockhart*, 792 F. 2d 760, 761-62 (8th Cir. 1986)(citations omitted). Nevertheless, in treating the factual allegations of the complaint as true pursuant to Rule 12(b)(6), the court "do[es] not ... blindly accept the legal conclusions drawn by the pleader from the facts." *Westcott v. City of Omaha*, 901 F.2d 1486, 1488 (8th Cir. 1990)(citations omitted).

Plaintiffs' causes of action against the Sisters of Mercy and the other Defendants are enumerated in what Plaintiffs refer to as thirteen separate "counts" beginning at ¶ 372 of the complaint. We consider the Sisters of Mercy's motion to dismiss as it pertains to each cause of action.

First, Plaintiffs allege that all of the Defendants are liable to them as having denied them equal rights under the law under 42 U.S.C. § 1981. (Doc. #10, ¶¶ 372-380). Section 1981 "provides that all persons shall have the same right to 'make and enforce contracts' and the right to 'the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.'" *Bediako v. Stein Mart, Inc.*, 354 F.3d 835, 839 (8th Cir. 2004)(quoting 42 U.S.C. § 1981(a)-(b)).

In asserting this claim, Plaintiffs purport to rely upon the Full-and-Equal Benefit clause of § 1981 rather than the Right-to-Contract clause. To establish a prima facie case of discrimination under § 1981, Plaintiffs must show that: (1) they are members of a protected class; (2) the defendants intended to discriminate on a constitutionally prohibited basis; and (3) that the discrimination interfered with a protected activity as defined in § 1981. *Bediako*, 354 F.3d at 839. Further, a showing of state action is required. *Adams v. Boy Scouts of America-Chickasaw Council*, 271 F.3d 769, 777 (8th Cir. 2001)(*citing Youngblood v. Hy-Vee Food Stores, Inc.*, 266 F.3d 851, 855 (8th Cir. 2001)).

Although Plaintiffs allege that the "conduct of all Defendants amount to a violation of" § 1981, the complaint contains no allegation that the Sisters of Mercy interfered with Plaintiffs participation in a "protected activity." "Even though civil-rights pleadings are viewed liberally, '[s]uch pleadings must nonetheless not be conclusory and must set forth the claim in a manner which, taking the pleaded facts as true, states a claim as a matter of law.'" *Bediako*, 354 F.3d at 839 (quoting *Nickens v. White*, 536 F.2d 802, 803 (8th Cir. 1976)). Accordingly, Plaintiffs' § 1981 claim as against Defendant Sisters of Mercy should be dismissed.

Under count two, Plaintiffs also allude to alleged violations, by the Defendants of 42 U.S.C. § § 1985 & 1986. Plaintiffs' factual allegations do not support claims based upon these statutes. A claim under 42 U.S.C. § 1985 is premised upon the existence of an alleged conspiracy which must be motivated by a class-based animus. *Bray v. Alexandria Women's Health Clinic*, 506 U.S. 263, 268-69 (1993). While Plaintiffs have alleged that they are members of an unidentified protected class, they do not allege that the alleged conspiracy was based upon a class based animus. Finally, no claim exists under 42 U.S.C. § 1986 as in order to be liable under § 1986 a defendant must have neglected or refused to prevent a § 1985 conspiracy. *See Steele v. City of Bemidji*, 257 F.3d 902, 906 (8th Cir. 2001)(*citing Brandon v. Lotter*, 157 F. 3d 537, 539 (8th Cir. 1998)); *see also Gatlin v. Green*, 362 F.3d 1089, 1095 (8th Cir. 2004)(a section 1986 claim must be predicated upon a valid section 1985 claim).

Next, in counts two, three, four, five and twelve of the complaint, Plaintiffs assert, pursuant to 42 U.S.C. § 1983, that they were unconstitutionally arrested, detained and denied a fair trial. (Doc. #10; p. 70-81, 91-92; ¶¶ 381-416, 467-70). Plaintiffs allege that all of the Defendants conspired to, and by specific actions, did deprive Plaintiffs of their liberty and the equal protection of the law with respect to: their arrest on February 15, 2002 by Garland County, Arkansas, deputies; in the involuntary

commitment proceeding; their arrest in Warren County, Kentucky, on June 9, 2002, on Arkansas warrants; and their arrest on June 12, 2002, on contempt of court in Warren County, Kentucky. Plaintiffs allege that these arrests and resulting imprisonments were unlawful and were maliciously accomplished or resulted from the negligent failure of the Defendants to prevent the same, with the intent to deny the Plaintiffs a fair trial.

Again, the Sisters of Mercy is not identified in any factual allegation contained in the complaint as participating in the actual arrests, as causing these arrests to take place, or failing to prevent the same. The elements of a § 1983 claim are: "(1) the defendants acted under color of state law, and (2) the alleged wrongful conduct deprived the plaintiff of a constitutionally protected federal right." *Kuha v. City of Minnetonka,* 365 F.3d 590, 596 (8th Cir.2003) (citation and quotations omitted). While Plaintiffs allege that certain Defendants provided false statements, manipulated the summons process, authored and prepared false affidavits, and gave false testimony in court, Plaintiffs complaint contains no factual allegations indicating that the Sisters of Mercy perpetrated any of these acts or, in fact, had anything to do with causing or effecting Plaintiffs' arrests or incarceration. Furthermore, the complaint does not contain any allegation that the Sisters of Mercy deprived Plaintiffs of a constitutionally protected right by failing to respond, according to Plaintiffs' wishes, after Plaintiffs notified Sisters of Mercy of their allegations against Browning. Plaintiffs complaint is not saved by its containing the naked assertion that the Defendants conspired to perpetrate or accomplish the complained of actions. A conspiracy claim requires allegations of specific facts showing a meeting of the minds among the alleged conspirators. *Snelling v. Westhoff*, 972 F.2d 199, 200-01 (8th Cir. 1992)(en banc). No such specific factual allegations are found in the complaint with respect to the

9

Sisters of Mercy. The complaint, with respect to counts two through five and twelve should be dismissed as to the Sisters of Mercy.

In counts six through eleven and count thirteen Plaintiffs assert state law claims of: malicious prosecution, defamation, intentional infliction of emotional distress, false arrest and imprisonment, assault, battery and abuse of process. (Doc. #10; pp. 82-91, 92-95; ¶¶ 417-66, 471-87).

Under Arkansas law, the elements of a cause of action for malicious prosecution are: "(1) a proceeding instituted or continued by the defendant against the plaintiff; (2) termination of the proceeding in favor of the plaintiff; (3) absence of probable cause for the proceeding; (4) malice on the part of the defendant; and (5) damages." *Sundeen v. Kroger*, 355 Ark. 138, 143 (2003).

The elements of a cause of action for defamation, whether by slander or libel are: "(1) the defamatory nature of the statement of fact; (2) that statement's identification of or reference to the plaintiff; (3) publication of the statement by the defendant; (4) the defendant's fault in the publication; (5) the statement's falsity; and (6) damage." *Northport Health Services, Inc. v. Owens*, 356 Ark. 630, 641 (2004).

The elements of a cause of action for the intentional infliction of emotional distress are: "(1) the actor intended to inflict emotional distress or willfully and wantonly knew or should have known that emotional distress was the likely result of his conduct; (2) the conduct was extreme and outrageous, was beyond all possible bounds of decency, and was utterly intolerable in a civilized community; (3) the actions of the defendant were the cause of the plaintiff's distress; and (4) the emotional distress sustained by the plaintiff was so severe that no reasonable person could be expected to endure it." *Wynn v. Remet*, 321 Ark. 227, 232-33 (1995); AMI Civil 3rd, 404 (1989).

With respect to the claim of false arrest or imprisonment, the complaint must allege: the violation of their personal liberty, consisting of detention without sufficient legal authority. *Limited Stores, Inc. v. Wilson-Robinson*, 317 Ark. 80, 83 (1994). "Any express or implied threat of force whereby one is deprived of his liberty or compelled to go where one does not wish to go is an imprisonment." *Id.*

The elements of a cause of action for assault are: "First, that [the defendant] acted in such a manner as to create a reasonable apprehension of immediate harmful or offensive contact upon the person of [the plaintiff]; Second, that [the defendant] intended to cause that apprehension; and Third, that [the plaintiff] was actually put in that apprehension." AMI Civil 2005, 417. The elements of a cause of action for battery are: "First, that [the defendant] acted with intent to cause some harmful or offensive contact with a person, or acted with the intent to create an apprehension of some harmful or offensive contact with a person; and Second, that harmful or offensive contact with [the plaintiff] resulted." AMI Civil 2005, 418.

Finally, the elements of a cause of action for abuse of process are: "First, that [the plaintiff] has sustained damages; Second, that [the defendant] set in motion a legal proceeding directed at [the plaintiff]; Third, that the proceeding was used to accomplish an ulterior purpose for which it was not designed; Fourth, that [the defendant] willfully used process in a manner not proper in the regular conduct of the proceeding; [and] Fifth, that [the defendant's] acts were a proximate cause of [the plaintiff's] damages." AMI Civil 2005, 416; *Routh Wrecker Service, Inc. v. Washington*, 335 Ark. 232, 238 (1998).

A careful review of Plaintiffs' complaint reveals that it contains no factual allegations that the Sisters of Mercy committed directly or indirectly any of these torts. At most, Plaintiffs allege that the

Sisters of Mercy did not act upon the information which Plaintiffs provided to St. Joseph's by disciplining Diane Browning in some way. It is not alleged that this information was conveyed directly or indirectly to the Sisters of Mercy. These "counts" of the complaint are therefor subject to summary dismissal.

*Statute of Limitations*

Finally, the Sisters of Mercy argue that all allegations concerning the Sisters of Mercy and St. Joseph's center around Phyllis Delaney's reporting on February 12, 2002, to Gail Klemm that Delaney suspected Browning was diverting narcotics (Doc. #10, p. 16, ¶ 98) and when St. Joseph's failed to act Delaney's reporting the same to the Arkansas Board of Nursing. (Doc. #10, p. 17, ¶ 104 & Exhibit 172).[3] As this case was not filed until June 23, 2005, the Sisters of Mercy contend all claims against it are barred by the applicable statutes of limitation.

Section 1981, § 1983, and § 1985 do not contain their own statute of limitations. For federal statutes enacted prior to December 1 of 1990, when the statute does not contain its own statute of limitations the "settled practice was to adopt a local time limitation as federal law if it [was] not inconsistent with federal law or policy to do so." *Wilson v. Garcia*, 471 U.S. 261, 266-67 (1985) (footnote omitted); *Reed v. United Transportation Union*, 488 U.S. 319 (1989). The major concern is to find the limitations period that best effectuates "the federal policies at stake and the practicalities of litigation...." *DelCostello v. International Brotherhood of Teamsters*, 462 U.S. 151, 172 (1983).

Federal statutes enacted after December 1, 1990, that do not contain their own statute of limitations, are covered by a catch all 4-year statute of limitations for actions arising under federal

---

[3]The letter to the Arkansas Board of Nursing attached as an exhibit is dated March 21, 2001. As Plaintiffs allege this letter was written after Plaintiff Phyllis Delaney contacted Gail Klemm, the court assumes the date should be March 21, 2002.

12

statutes, 28 U.S.C. § 1658. Section 1981, 1983, and 1985 were all enacted prior to 1990. However, in 1991 Congress enacted the Civil Rights Act of 1991, 105 Stat. 1071, which, among, other things, amended § 1981 by adding a new subsection that defines the term "make and enforce contracts" to include the "termination of contracts and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship." 42 U.S.C. § 1981(b). In *Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369 (2004), the Supreme Court held that causes of actions which were made possible by the 1991 amendment to section § 1981 are governed by the 4-year federal statute of limitations. *Id.* at 382. Specifically, it held that "hostile work environment, wrongful termination, and failure-to-transfer claims did not allege a violation of the pre-1990 version of § 1981 but did allege violations of the" 1991 amendment to the statute and were governed by the 4-year statute of limitations. *Id.* at 383.

In this case, Plaintiffs bring their claim under the full and equal benefit clause and contend Movant interfered with their rights. This conduct, if actionable under § 1981, was actionable under the original version of § 1981 and was not made possible by the 1991 amendment. The 4-year statute of limitations found in § 1658 therefore does not apply.

Instead, causes of action under § 1981, § 1983, and § 1985 are governed by "the most appropriate or analogous state statute of limitations." *Goodman v. Lukens Steel Co.*, 482 U.S. 656, 660 (1987)(§ 1981 case). *See also Wilson v. Garcia*, 471 U.S. 261, 268 (1985)(§ 1983 case); *Bell v. Fowler*, 99 F.3d 262, 265-266 (8th Cir. 1996)(§ 1985 case). In Arkansas, this is the three year personal injury statute of limitations, Ark. Code Ann. 16-56-105(3) (2005). *See Miller v. Norris*, 247 F.3d 736, 739 (8th Cir. 2001)(Ark. Code Ann. § 16-56-105(3) is the statute of limitations applicable to § 1983 cases); *Kaster v. State of Iowa*, 975 F.2d 1381, 1382 (8th Cir. 1992)(personal injury state statute of

13

limitations applies to § 1985 cases); *Wagh v. Dennis*, 677 F.2d 666, 667 (8th Cir. 1982)(applying personal injury statute of limitations to § 1981 claim).

Plaintiffs' civil rights causes of action accrued when they knew or had reason to know of harm constituting the basis of the action. *Nasim v. Warden, Maryland House of Corrections*, 64 F.3d 951, 955 (4th Cir. 1995). Accordingly, Plaintiffs had three years from February or March of 2002, when they reported Browning's alleged diverting narcotics to her employer to file claims under § 1981, § 1983, and § 1985.

This action was filed on June 23, 2005 (Doc. #1), well after the expiration of the applicable limitation periods. The complaint is not saved by its naked assertion that all Defendants conspired to perpetuate or accomplish the actions of the other Defendants. A conspiracy claim requires allegations of specific facts showing a meeting of the minds among the alleged conspirators. *Snelling v. Westhoff*, 972 F.2d 199, 200-01 (8th Cir. 1992)(en banc). No such specific factual allegations are found in the complaint with respect to the Sisters of Mercy.

In Arkansas a three year statute of limitations, Ark. Code Ann. § 16-56-105, applies to all tort actions not otherwise limited by law. *O'Mara v. Dykema*, 328 Ark. 310, 317, 942 S.W.2d 854 (1997). The three year statute applies to the malicious prosecution, intentional infliction of emotional distress, *McQuay v. Guntharp*, 336 Ark. 534, 542, 986 S.W.2d 850 (1999), and abuse of process claims. A one year statute of limitation applies to the defamation claim, Ark. Code Ann. § 16-56-104(3), the false arrest or imprisonment claim, Ark. Code Ann. § 16-56-104(2)(B), and the assault and battery claims, Ark. Code Ann. § 16-56-104(2)(A). The causes of action accrue when the wrong occurs and the right to commence the action comes into existence. *Courtney v. First Nat'l Bank*, 300 Ark. 498, 780 S.W.2d 536 (1989); *Gibson v. Herring*, 63 Ark. App. 155, 975 S.W.2d 860 (1998).

The state law claims against the Sisters of mercy are also barred as any actions allegedly attributable to it occurred in February or March of 2002, more than three years prior to the filing of the original complaint in this case. The longest applicable Arkansas statute of limitations is three years.

## **CONCLUSION**

Based upon the forgoing, we recommend that the motion to dismiss of the Sisters of Mercy Health System (Doc. #62) be granted and the complaint be dismissed as against them for the following reasons: (1) Plaintiffs failed to effect service of process on the Sisters of Mercy in the manner prescribed by the applicable procedural rules; (2) the claims against the Sisters of Mercy fail to state claims upon which relief can be granted; and (3) the statutes of limitation bar the claims. Although a dismissal for insufficiency of service of process or for failure to state a claim upon which relief can be granted is ordinarily without prejudice, since the claims against the Sisters of Mercy are also barred by the applicable statutes of limitation, the claims should be dismissed with prejudice.

**The parties have ten days from receipt of this report and recommendations to file objections to the same pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 20th day of January 2006.

/s/ Bobby E. Shepherd
UNITED STATES MAGISTRATE JUDGE