IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

G.W. DELANEY and
PHYLLIS DELANEY                                                    PLAINTIFFS

              v.                      Civil No. 05-6045

GARY ASHCRAFT, Chief
of Police in his official and
individual capacity, et al                                          DEFENDANTS

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the undersigned for report and recommendation is the motion to dismiss filed by

separate defendant Randall Titsworth, in his official and individual capacities (Doc. #217). The

motion has been referred to the undersigned for report and recommendation by order entered on

May 5, 2006 (Doc. #219). Plaintiffs did not respond to the motion in the time allowed by Rule

7.2(b) of the Local Rules for the Eastern and Western Districts of Arkansas.

## BACKGROUND

This case was filed on June 23, 2005. Randall Titsworth was named as a defendant in the

original complaint. Summons were issued on August 19, 2005, for, among others, Randall

Titsworth. An amended complaint was filed on August 24, 2005 (Doc. #8).

On September 19, 2005, by notice from the Office of the Clerk, Plaintiffs were directed

to file, within eleven days, proofs of service as to all defendants as required by Rule 4(l) of the

Federal Rules of Civil Procedure or to file a statement as to why process had not been served.

Plaintiffs filed a second amended complaint[1] on October 7, 2005. (Doc. #10).

_____

[1]The original complaint was filed on June 23, 2005. Along with the complaint, the Plaintiffs filed an application to
proceed *in forma pauperis* (IFP) (Doc. #2). That same day, a report and recommendation was entered recommending denial
of the application to proceed IFP (Doc. #4). The report was adopted on July 18, 2005 (Doc. #5), and the filing fee paid the

On October 12, 2005, summons was re-issued for, among others, Randall Titsworth. On October 14, 2005, Plaintiffs filed a motion for an extension of time to serve the amended complaint (Doc. #12). Plaintiffs asked for an extension of time of at least fifteen days to serve the amended complaint (Doc. #12). On October 17, 2005, the Plaintiffs filed a second motion for an extension of time to serve the amended complaint (Doc. #15). Plaintiffs again asked that their time to serve the amended complaint be extended by at least fifteen days (Doc. #15). By order entered on October 17, 2005, this court granted Plaintiffs' motions (Doc. #16). The Plaintiffs were given an extension of time until the close of business on Monday, October 31, 2005, in which to serve the amended complaint. (Doc. #16). No further extensions of time to serve were requested.

## DISCUSSION

Movant contends the complaint should be dismissed pursuant to Rule 12(b)(5) of the Federal Rules of Civil Procedure based on insufficiency of service of process. He argues he was not served within the time prescribed by law and by order of this court (Doc. #16).

Service of summons and the complaint upon a named party must be accomplished in a manner and time permitted by Rule 4 of the Federal Rules of Civil Procedure. Rule 4(m) provides in pertinent part that "[i]f service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time." Fed. R. Civ. P. 4(m). The original complaint was filed on June 23, 2005. The Movant was a named defendant in the original complaint. If no extensions of time were granted, Plaintiffs had until October 21, 2005, to serve the Movant. On

---

same day. An amended complaint was filed on August 24, 2005 (Doc. #8), and the second amended complaint was filed on October 7, 2005 (Doc. #10). Plaintiffs refer to this complaint in various documents as a "third amended complaint," *see e.g.,* (Doc. # 12 & Doc. #15 motion and amended motion to extend time to serve third amended complaint). This language is also used in the court's order of October 17, 2005 (Doc. #16).

October 17, 2005, the court granted Plaintiffs an extension of time until October 31, 2005, to serve the amended complaint.

No proof of service has been filed as to Movant. From the forgoing, it can be seen from the record that Plaintiffs did not serve the Movant by the deadline set by order of this court, October 31, 2005, for service. Accordingly, since Plaintiffs have not shown good cause for such failure, the claims against the Movant are subject to dismissal based on Plaintiffs' failure to timely serve it. F. R. Civ. P. 4(m); *Carman v. Treat*, 7 F.3d 1379, 1381 (8th Cir. 1993)(pro se status does not entitle party to disregard the Federal Rules of Civil Procedure); *Williams v. White*, 897 F.2d 942, 944 (8th Cir. 1990)(complaint not served within requisite time shall be dismissed without prejudice).

## CONCLUSION

Based upon the forgoing, we recommend that the motion to dismiss of Randall Titsworth (Doc. #217) be granted and the complaint be dismissed, without prejudice, as against him. Plaintiffs failed to effect service of process on him in a timely manner.

**The parties have ten days from receipt of this report and recommendations to file objections to the same pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 6th day of July 2006.

/s/ Bobby E. Shepherd
UNITED STATES MAGISTRATE JUDGE