IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

G.W. DELANEY and
PHYLLIS DELANEY                                                           PLAINTIFFS

        v.                Civil No. 05-6045

GARY ASHCRAFT, Chief
of Police in his official and
individual capacity, et al                                                   DEFENDANTS

## ORDER

On July 5, 2006, a motion was filed by the Plaintiffs, G.W. and Phyllis Delaney (Movants) seeking to compel discovery responses from separate Defendants the City of Hot Springs, Gary Ashcraft, and Paul Norris (Doc. 241). The motion was referred to the undersigned by order entered on July 5, 2006. (Doc. 243). On July 17, 2006, Plaintiffs filed a supplement to the motion to compel (Doc. 253). On July 17, 2006, separate Defendants the City of Hot Springs, Gary Ashcraft, and Paul Norris (Respondents) filed their response to the motion to compel (Doc. 255).

In the motion to compel, Movants indicate Respondents have failed to provide the initial disclosures required under Rule 26(a)(1)(A) of the Federal Rules of Civil Procedure and have failed to fully respond to interrogatories and requests for production of documents. Movants certify that they have attempted in good faith to confer with Respondents' counsel to resolve the dispute without the necessity of court action.

Movants point out that Respondents have objected to a number of discovery requests as being "vague, ambiguous, overly broad and unduly burdensome." Subject to these objections,

-1-

a response is then given. Plaintiffs state they cannot tell whether the response given is complete or not.

At issue are interrogatories 3, 5, 6, 7, 18, 19, 20, 22, 23, 24 and 25 and requests for production of documents 1, 2, 3, and 4. Movants ask the court to compel full and complete responses.

Respondents first state that their counsel cannot find any written requests from Movants regarding the discovery requests and does not recall receiving a phone call regarding the discovery responses. Next, Respondents state they have reviewed their responses, and despite the difficulty of determining how Movants believe the responses are deficient, they have provided supplemental responses to the Movants.

Rule 26(b)(1) of the Federal Rules of Civil Procedure provides in relevant part that "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter." Rule 33(b)(4) provides that "[a]ll grounds for an objection to an interrogatory shall be stated with specificity" and "[a]ny ground not stated in a timely objection is waived unless that party's failure to object is excused by the court for good cause shown." Fed. R. Civ. P. 33(b)(4). Rule 34 similarly states production or inspection will be permitted as requested "unless the request is objected to, in which event the reasons for the objection shall be stated." Fed. R. Civ. P. 34(b).

Moreover, like the federal rules, Rule 33.1(b) of the Local Rules of the Eastern and Western Districts, provides that "blanket objections" are not recognized. Instead, "[o]bjections

must be made to the specific interrogatory or request, or to a part thereof if it is compound." Further Rule 33.1(b) provides that "[i]t is not sufficient to state that the interrogatory or request is burdensome, improper or not relevant. The ground or grounds for the objection must be stated with particularity."

Prior to filing a motion to compel, the moving party is required to confer in good faith on the specific issue or issues in dispute. Fed. R. Civ. P. 37(a); Rule 7.2 of the Local Rules for the Eastern and Western Districts of Arkansas. When a motion to compel is filed, it must contain a statement by the moving party that the parties have conferred in good faith and were unable to resolve their disagreements without the intervention of the court. *Id.*

The court is concerned by the suggestion that Movants did not in fact confer in good faith with Respondents prior to filing the motion to compel. As noted above, the rules require the parties to confer in good faith in an effort to resolve discovery disputes prior to seeking court intervention. Merely making a statement in a brief that the parties have conferred in good faith in insufficient. Instead, the parties must actually attempt in good faith to resolve discovery disputes themselves. More often than not, the parties are able to amicably resolve discovery disputes when they engage in a good faith effort to do so. When a discovery dispute cannot be resolved in this manner, a motion to compel should be filed. Despite their pro se status, Movants are cautioned that they are required to follow the rules that govern procedures in this court, the Federal Rules of Civil Procedure and the Local Rules for the Eastern and Western Districts of Arkansas.

AO72A
(Rev. 8/82)

We turn first to Movants' contention that Respondents' initial disclosures under Rule 26(a)(1) are insufficient. Rule 26(a)(1) requires a party to provide initial disclosures "without awaiting a discovery request" of:

> (A) the name and, if known, the address and telephone number of each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses, unless solely for impeachment, identifying the subjects of the information;
>
> (B) a copy of, or a description by category and location of, all documents, data compilations, and tangible things that are in the possession, custody, or control of the party and that the disclosing party may use to support its claims and defenses, unless solely for impeachment;
>
> (C) a computation of any category of damages claimed by the disclosing party, making available for inspection and copying as under Rule 34 the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered; and
>
> (D) for inspection and copying as under Rule 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment.

Fed. R. Civ. P. 26(a)(1).

Rule 37(a)(2)(A) provides that "[i]f a party fails to make a disclosure required by Rule 26(a), any other party may move to compel disclosure and for appropriate sanctions." An "evasive or incomplete disclosure, answer, or response is to be treated as a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(3).

Respondents initial disclosures are attached to Movants' supplemental motion to compel

(Doc. 253). Respondents did not supplement their initial disclosures in their response to the motion to compel (Doc. 255).

Respondents listed the following as individuals with discoverable information: all parties to the lawsuit; any persons identified by either party during discovery; any witnesses needed for rebuttal; Malcolm Perdue; and Officer T. Ragsdale. Respondents identified the following documents: any and all relevant admissible documents furnished during discovery; any relevant documents produced by plaintiff; any relevant documents provided, or described, in plaintiffs' initial disclosures; Hot Springs Police Department Incident Report Number 02L017988; Hot Springs Police Department Investigative Supplements for Case Number 02L017988; and February 27, 2002, Final Order of Custody, entered by the Honorable Vicki S. Cook, Garland County Circuit Court, Domestic Relations Division. Respondents indicated they were claiming no category of damages and there were no insurance agreements.

While Rule 26(a)(1) contemplates that the initial disclosure will be based on information available at the time of disclosure and Rule 26(e) requires that initial disclosures be supplemented, we believe Respondents' initial disclosures are worded in such a manner that it is not possible to determine at this point who Respondents believe are individuals likely to have discoverable information and what documents or other tangible items are in their possession, custody or control. It is simply not sufficient for Respondents to use a blanket response such as "any persons identified during discovery" or "all relevant admissible documents furnished during discovery."

AO72A
(Rev. 8/82)

Respondents are directed to supplement their initial disclosures by listing each individual, whether known to the Plaintiffs or not, who they believe at this stage are likely to have discoverable information. Similarly, Respondents should provide a copy of, or a description of, by category and location, all documents, compilations, or tangible things that are in their possession, custody or control that they may use in support of their defenses.

Movants contend the following interrogatory responses are insufficient.

> Interrogatory No. 3. Identify and describe your occupation or employment, rank, and duty assignment: a) On 22 May 2002; and b) At present.
>
> Response: Defendant Norris: Police Officer 1st Class in Criminal Investigations Division for the City of Hot Springs, Arkansas. Defendant Ashcraft: Chief of Police for the City of Hot Springs, Arkansas.

The response fails to indicate whether Norris and Ashcraft occupied the specified positions both on May 22, 2002, and at the present time. Respondents are directed to supply the requested information.

> Interrogatory No. 5. Identify any written application that you made for employment or promotion in the co-defendant Police Department.
>
> Supplemental Response: Defendant Norris applied with the City of Hot Springs in the Police Department in 1995, and Defendant Ashcraft applied in 1975. A copy of Detective Norris' written application is attached. Defendant Ashcraft has been employed for approximately 31 years and his written application cannot be located.

This response is sufficient.

> Interrogatory No. 6. Describe any educational requirements for appointment as a Detective and as a Police Officer in the co-defendant police department.

AO72A
(Rev. 8/82)

> Supplemental Response: Objection. Interrogatory No. 6 is vague, ambiguous, overly broad and unduly burdensome. Interrogatory No. 6 requests a blanket response indicating the educational requirements for appointment as a Police Officer, rather than asking the education received by certain individuals. Obviously, all candidates have different experiences and education that may be taken into consideration during the hiring and promotion process. Without waiving said objection, the minimum requirements are either a high school diploma or a GED, and ALETA, the compilations of the training received by Defendant Ashcraft and Defendant Norris are attached.

This response is insufficient. The interrogatory asks for information on the educational requirements for appointment to two different positions: (1) detective; and (2) police officer. The response does not distinguish between the two positions. If there are no additional educational requirements for detectives, Respondents need to so state.

> Interrogatory No. 7. Identify and describe the training and experience required for appointment as a Detective, and as an Officer of the co-defendant Police Department.
>
> Supplemental Response: Objection. Interrogatory No. 7 is vague, ambiguous, overly broad and unduly burdensome. Interrogatory No. 7 requests a blanket response indicating the training or experience required for appointment as a Detective and as an Officer. Obviously, all candidates have different experiences and education that may be taken into consideration during the hiring and promotion process. Without waiving said objection, the minimum requirements are either a high school diploma or a GED, and ALETA, the compilations of the training received by Defendant Ashcraft and Defendant Norris are attached.

This response is insufficient. It does not address the experience requirements. Instead, it is merely a repeat of the training requirements set forth in response to interrogatory number 6. If there are no experience requirements for either position, Respondents merely need to state that in response to this interrogatory.

> Interrogatory No. 18. Identify and describe in detail all of the reasons that led you to believe that the plaintiffs had committed a crime.

AO72A
(Rev. 8/82)

> Supplemental Response. To the best of my recollection, those reasons were stated in the affidavits of probable cause. A summary of those facts follows: On May 22, 2002 at approximately 10:15 hours police responded to 802 Emory Street, Kinder Care School, where two people had entered the school, caused a disturbance, and had taken a child without proper authorization. Connie Scott, the Director of the school, reported that two people identified themselves to her as G.W. Delaney and Phyllis Delaney. She said they asked for a tour of the facility because they had a three year old who was needing a daycare. The Delaneys asked to see the class room but once inside, G.W. picked up the child (minor's name omitted) [and] passed the child to Phyllis who then tried to leave the facility. Scott said she tried to stop Phyllis from leaving but was pushed down to the ground by Phyllis causing minor injuries to her arm, back and leg. Scott said they fled to their car where she and others were still trying to get the child from the Delaneys. Scott said G.W. was operating the vehicle and shifted the vehicle into reverse and accelerated backwards towards her requiring her to flee from the path of the car. Scott said another person, Lucett Merworth, was trying to get the child from the driver's side of the vehicle. This door was open, but when he sped away this caused her to twist her ankle. Lucett Merworth, Debbie Ellsworth, Shelia Steier, and Paulette Keith were all witnesses and made similar statements. The child had been placed in the legal custody of Diane Browning, Case Dr. 2002-151-II, and the Delaneys had been made aware of this by service of the court.

This response is sufficient.

> Interrogatory No. 19. Identify and describe at what point you believed that you had probable cause to make an arrest.
>
> Supplemental Response. Objection. Interrogatory No. 19 is vague and ambiguous. Defendants did not arrest the Plaintiffs nor did Defendants make a determination of probable cause. Without waiving said objection, the determination of probable cause to arrest the Plaintiffs was made by the judge that issued the warrants.

Movants in this case contend, among other things, that Respondents coerced witnesses into giving false statements to establish probable cause for the arrest of the Movants and/or that false statements were included in the affidavit of probable cause for arrest. We believe interrogatory

-8-

number 19 is not vague or ambiguous because it asks a specific question. Respondents are directed to answer the interrogatory, if they can.

> Interrogatory #20. Describe in detail all action you took in order to effectuate the arrest of the plaintiffs.
>
> Supplemental Response. Objection. Interrogatory No. 20 is vague and ambiguous. Interrogatory No. 20 appears to assert that Defendants arrested Plaintiffs. Without waiving said objections, Plaintiffs were not arrested by Defendants Norris or Ashcraft. Upon information and belief, Plaintiffs were arrested outside the State of Arkansas.

This response is insufficient. Respondents do not indicate in response to this interrogatory whether they submitted an affidavit of probable cause to obtain an arrest warrant. Certainly causing the issuance of the arrest warrants was a step taken to effectuate the arrest of the plaintiffs. Nor do they indicate once the warrants were obtained what steps, if any, were taken to process the warrants, notify other agencies of the warrants, or if they replied to any inquiries from other states, etc.

> Interrogatory No. 22. Identify all radio runs in connection with reporting, pursuit, arrest, apprehension, and detention of the plaintiffs.
>
> Supplemental Response. Officer Tim Ragsdale was dispatched to the scene to take the report. Upon information and belief, Plaintiffs' arrests were made outside the state of Arkansas and Defendants are not in possession of those records. A compilation of the radio log entries that relate to the incident on May 22, 2002 is attached.

This response is sufficient.

> Interrogatory No. 23. Identify and describe any suits or complaints, both formal or informal, written or oral, brought against you as an officer of the co-defendant Police Department, charging you with abuse of your lawful authority, or use of excessive force.

-9-

Supplemental Response. Defendant Norris was sued by Quentin Webb. A copy of the Memorandum Opinion and judgment are attached.

This response is sufficient.

Interrogatory No. 24. Identify and describe any action taken by you, your supervisor, and investigative body, or court with respect to any of the complaints identified in response to the preceding interrogatories.

Supplemental Response. The Court entered judgment in favor of Defendant Norris.

This response is sufficient.

Interrogatory No. 25. Identify and describe any insurance held by you, the co-defendant Police Department, Gary Ashcraft, or the City of Hot Springs against judgments or personal liability based on or because of any abuse of your lawful authority, negligence, or excessive use of force.

Response. None.

This response is sufficient.

Request for Production No. 1. Please provide all written police reports including activity logs, UF 61, complaint reports, UF 6 aided reports–a copy of the police report of the subject arrest prepared in the course of business operations or practices of the defendants, agents, servants and employees.

Supplemental Response. Objection. Request for Production No. 1 is vague and ambiguous. Defendants are not familiar with the terms used in Request for Production No. 1. Without waiving said objection, copies of all documents contained in the investigation file are attached (ACIC documents that are contained in this file have been redacted pursuant to Arkansas law). All personal and sensitive information has been redacted.

This response is sufficient.

AO72A
(Rev. 8/82)

Request for Production No. 2. Writings, books, complete extradition files, records, documents, notes, reports, entries, communication units/Sprint incident reports prior to the occurrence complained of, including but not limited to the circumstances leading up to the arrest, the arrest and subsequent detention of the plaintiffs.

Supplemental Response. Objection. Request for Production No. 2 is vague and ambiguous. Defendants are unfamiliar with some of the terms used to describe the items requested in Request for Production No. 2. Without waiving said objection, copies of all documents contained in the investigation file are attached (ACIC documents that are contained in this file have been redacted pursuant to Arkansas law), and Defendants do not have any extradition files. All personal and sensitive information has been redacted.

This response is sufficient.

Request for Production No. 3. Complete investigation file leading to the arrest of the plaintiffs, including but not limited to tape recordings, video recordings, pictures, and witness statements.

Supplemental Response. Objection. Request for Production No. 3 is vague and ambiguous. Request for Production No. 3 appears to assert that Defendants arrested Plaintiffs. Request for [Production] No. 3 appears to assert that Defendants are in the possession of tape recordings, video recordings, and pictures. Without waiving said objection, copies of all documents contained in the investigation file are attached (ACIC documents that are contained in this file have been redacted pursuant to Arkansas law); Defendants are not in possession of any photographs, tape recordings or video recordings. Defendants did not arrest Plaintiff for the incident that occurred on May 22, 2002. All personal and sensitive information has been redacted from the documents provided.

This response is sufficient.

Request for Production No. 4. Provide all photographs and crime scene reports made by any member of the co-defendant Police Department in connection with the alleged incident on 22 May 2002.

Supplemental Response. See Response to Request for Production No. 3.

AO72A
(Rev. 8/82)

This response is sufficient.

For the reasons stated, the motion to compel is granted in part and denied in part. Specifically, Respondents are directed to supplement their initial disclosures and their responses to interrogatories 3, 6, 7, 19, and 20. In all other respects, the motion to compel is denied.

IT IS SO ORDERED this 25th day of July 2006.

/s/ Bobby E. Shepherd
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)